Donna ZEIGLER, Appellant,

v.

FLEETGUARD, INC. and Travelers Insurance Company, Appellees.

No. 01–2038.

Supreme Court of Iowa.

Feb. 25, 2004.

Mark A. Soldat, Des Moines, for appellant.

Richard G. Book of Huber, Book, Cortese, Happe & Lanz, P.L.C., Des Moines, for appellees.

LARSON, Justice.

Donna Zeigler was injured while working for Fleetguard, Inc. and was awarded workers' compensation benefits by the Workers' Compensation Commissioner. She converted her compensation award into a district court judgment under Iowa Code section 86.42 (2001) and attempted to collect on the judgment. Fleetguard and its insurer Travelers Insurance Company (collectively Fleetguard) eventually obtained a stay of execution. Zeigler applied to the district court under Iowa Rule of Appellate Procedure 6.8 to lift the stay. The court refused, and Zeigler appealed. We reverse and remand.

## I. *Facts and Prior Proceedings.*

Zeigler obtained a final workers' compensation award on January 29, 2001. Both parties petitioned for judicial review—Zeigler on February 27, 2001, and Fleetguard on February 28. On March 8, 2001, well before the conclusion of the judicial-review proceeding, Zeigler attempted to collect her benefits by converting the workers' compensation award into a district court judgment as provided in Iowa Code section 86.42. The district court entered a judgment against Fleetguard on March 27, 2001, for compensation benefits, interest, and penalties.

Fleetguard did not appeal the March 27 judgment, but on March 30 it petitioned the district court for a stay of execution under Iowa Code section 17A.19(5)(*b*) (providing authority in the district court to stay an agency's action). The district court denied the stay, based on its application of the four-factor test of section 17A.19(5)(*c*): (1) the likelihood of Fleetguard's success in the judicial-review case; (2) whether Fleetguard would suffer irreparable injury if the stay were denied; (3) the extent to which a stay would "substantially harm" Zeigler; and (4) the public's interest in the decision.

The district court's order denying the stay reflected the general solicitude of our law for timely receipt of workers' compensation benefits. It concluded:

[T]hese factors weigh heavily against the entry of a stay. Obviously, the withholding of benefits will have a direct effect on Zeigler [third factor] and the court believes that there is a public interest in paying workers' compensation benefits awarded by the [workers' compensation] commissioner until such time as the award may be found invalid [fourth factor].

While Fleetguard lost in its bid to stay execution under this statute, it eventually was successful in staying execution on the March 27 judgment by waiting until the judicial-review proceeding was concluded on September 19, 2001, then filing an ap-

peal from that ruling as well as from the March 27 judgment. Fleetguard obtained a stay of execution by posting a supersedeas bond under Iowa Rule of Appellate Procedure 6.7(4). Zeigler attempted to get the stay lifted under appellate rule 6.8, contending the "appeal" of the March 27 judgment was too late. The court refused to lift the stay, raising the sole issue in this appeal.

## II. *Analysis.*

Section 86.42 provides for transforming a workers' compensation award into an enforceable judgment:

Any party in interest may present a certified copy of an order or decision of the [workers' compensation] commissioner, [with exceptions not applicable here], and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render a decree or judgment and cause the clerk to notify the parties. The decree or judgment ... *has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.*

(Emphasis added.)

This section does not expressly provide for enforcement by execution, but it creates a judgment just like any other because the italicized language says it does. Judgments for money are enforced by execution. Iowa Code § 626.1. Allowing execution on a section 86.42 judgment is also consistent with the general rule:

The court's award of compensation under the Workers' Compensation Act is a judgment that may be enforced by execution. The judgment must be entered before it can be enforced by execution. After an award has been filed in the proper court and given the force and effect of a judgment therein, it is en-forceable by execution, and supplementary proceedings in aid of execution may be resorted to as in other cases.

101 C.J.S. *Workers' Compensation* § 1484, at 318 (2000) (footnotes omitted).

■ When the court entered the judgment on March 27, 2001, that started the appeal time running on it. *See* Iowa R.App. P. 6.5(1) (providing appeals must be taken within thirty days of judgment). Fleetguard failed to appeal within that time, so any right to stay the execution as an incident to an appeal was lost. *See* 4 C.J.S. *Appeal & Error* § 412, at 455–56 (1990) ("In order to operate as a supersedeas or stay ... an appeal must generally be taken ... and it must be done in the manner and within the time prescribed by statute or court rule.").

Fleetguard, however, argues that it could not have appealed the March 27 judgment because, as of that time, the workers' compensation award was still in a state of flux, subject to modification by the district court in the pending judicial-review proceeding. Its argument is that

the March 27, 2001 judgment is only as good as the court's determination of the merits following review of the agency action. It is subject to modification by the court pending judicial review and, therefore, cannot be a final judgment from which a notice of appeal must be filed.

Fleetguard's argument is, essentially, that the judgment of March 27 was interlocutory and could not have been appealed until the conclusion of the judicial-review proceeding. We disagree; this is a case in which two final orders may exist in the same case—the first when the judgment was entered pursuant to Iowa Code section 86.42 and the second when the district court entered its decision on judicial review. *See Lyon v. Willie,* 288 N.W.2d 884,

887 (Iowa 1980) ("Two final orders are possible in a single case, one putting it beyond the power of the court to put the parties in their original positions in relation to a specific issue, and the other adjudicating remaining issues in the case." (Citations omitted.)); *Iowa Pub. Serv. Co. v. Sioux City*, 254 Iowa 22, 28, 116 N.W.2d 466, 469 (1962) (" '[T]here may be and often are ... two final decrees in the same cause, the one settling the substantial merits of the case, and the other based upon further necessary proceedings, from each of which an appeal will lie.' " (quoting 4 C.J.S. *Appeal & Error* § 101, at 283 (1957))).

As applied to the present case, the judgment entered on March 27, 2001, was final because section 86.42 provides it is a judgment to be given the force and effect of a judgment in district court. The second judgment, which "adjudicat[ed the] remaining issues in the case," was the judicial-review decision that determined whether the arbitration decision was correct.

Fleetguard's argument that the March 27 judgment could not be appealed prior to the final ruling on judicial review is further rebutted by section 86.43. That section anticipates that any revision in a workers' compensation award after the entry of a judgment under section 86.42 must be by modification of the judgment under section 86.43, which provides:

> Upon the presentation to the court of a certified copy of a decision of the workers' compensation commissioner ending, diminishing, or increasing the compensation under the provisions of this chapter, the court shall revoke or modify the decree or judgment to conform to such decision.

■ Because a party may not delay an appeal from a judgment under section 86.42 past the time for appeal, we hold that the stay entered by the court in connection with the March 27 judgment was invalid. While a party may, following completion of the judicial-review proceeding, seek to have the award modified, the party may not wait for a later judicial-review ruling before appealing the prior judgment. The district court erred in refusing to terminate the stay. We therefore reverse and remand for an order dissolving it.

**REVERSED AND REMANDED.**