Donald R. **RETHAMEL** d/b/a Donald R. Rethamel Construction, Appellant,

v.

Stephen A. **HAVEY,** Appellee.

No. 03–0076.

Supreme Court of Iowa.

May 12, 2004.

D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Jackie D. Armstrong and Robert S. Kinsey III of Brown, Kinsey & Funkhouser, P.L.C., Mason City, for appellee.

LARSON, Justice.

Stephen Havey obtained an award of workers' compensation benefits from Donald R. Rethamel based on an injury suffered by Havey during his temporary employment with Rethamel. The award was affirmed on judicial review, and the court of appeals affirmed. The sole issue before us in this appeal is one that is only collateral to the issues previously decided by the court of appeals. The issue here concerns the permissible scope of a district court judgment entered under Iowa Code section 86.42 (2001) to enforce the commissioner's award. The district court modified the award, and we conclude this was error.

## I. *Facts and Prior Proceedings.*

Stephen Havey was injured on January 21, 1997, while working for Donald R. Rethamel Construction. Havey filed a workers' compensation claim, and a deputy commissioner awarded benefits to him. The commissioner affirmed, and on Rethamel's petition for judicial review, the district court affirmed as well. Rethamel appealed, and the court of appeals affirmed the award, holding that substantial evidence supported the commissioner's finding that Havey was employed by Rethamel at the time he was injured.

## II. *Discussion.*

The commissioner's award, which was affirmed in subsequent judicial-review proceedings, ordered:

That defendant shall pay claimant healing period benefits from January 21, 1997 to May 5, 1997, at the rate of two hundred sixty-eight and 06/100 dollars ($268.06).

That defendant shall pay claimant fifty (50) weeks of permanent partial disability benefits at the rate of two hundred sixty-eight and 06/100 dollars ($268.06) to commence on May 6, 1997.

That defendant shall pay the reasonable and necessary medical expenses as outlined in this decision.

That all accrued benefits shall be paid in a lump sum.

That defendant pay interest as provided by Iowa Code section 85.30.

That defendant pay the costs of this action, pursuant to rule 876 IAC 4.33.

That defendant shall file claim activity reports as requested by the agency.

Iowa Code section 86.42 provides for conversion of a workers' compensation award into a district court judgment for purposes of collection. It provides:

Any party in interest may present a certified copy of an order or decision of the commissioner, . . . and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render a decree or judgment and cause the clerk to notify the parties. The decree or judgment . . . has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.

Apparently, only five cases have been decided by our court under section 86.42, and none of them consider the issue raised in this appeal. Those cases are *Zeigler v. Fleetguard, Inc.*, 675 N.W.2d 581 (Iowa 2004); *Simonson v. Snap–On Tools Corp.*, 588 N.W.2d 430 (Iowa 1999); *Firstar Bank v. Hawkeye Paving Corp.*, 558 N.W.2d 423 (Iowa 1997); *Krohn v. State*, 420 N.W.2d 463 (Iowa 1988); and *Klein v. Furnas Electric Co.*, 384 N.W.2d 370 (Iowa 1986).

Workers' compensation cases involving both judicial-review proceedings and judgments under section 86.42 result in two judgments—one that resolves the issues decided by the commissioner and one that provides the vehicle for collection of the workers' compensation award under Iowa Code section 86.42. *See Zeigler*, 675 N.W.2d at 583–84.

In the present case, Havey complied with section 86.42 by presenting a certified copy of the commissioner's decision to the district court. However, he went further; he presented additional evidence and additional claims to the district court and asked that the commissioner's award be modified accordingly.

Rethamel, Havey's employer, resisted the application for judgment on the grounds: (1) it requested a judgment for medical expenses that would be contrary to statute and the commissioner's award,

(2) it requested payment of interest not included in the original award, and (3) it requested credit for attorney fees for collection of payments from third-party medical providers. None of these issues had been raised in the workers' compensation proceeding. Rethamel requested that the application for judgment be dismissed or recalculated to reflect only those awards made by the commissioner. In the alternative, Rethamel asks that the case be remanded to the commissioner, who has the authority to take evidence and, if necessary, modify the prior award.

### III. *Legal Principles.*

 Under statutes like section 86.42, a district court is bound to enter a judgment in conformance with the workers' compensation award. *See* Iowa Code § 86.42 (on presentation of copy of commissioner's decision, the court *shall* enter judgment); 101 C.J.S. *Workers' Compensation* § 1480, at 317 (2000).

General jurisdiction is not given to a court to determine any question of fact or law necessary to support the award as rendered by the Workers' Compensation Board or Commission in the first instance; at the time application is made to enter judgment on the record the rights of claimant have been established.

The court must render a judgment in accordance with the award. *The court has no power to change the award, it cannot review, or reverse or modify the award, or construe the statute.* In rendering judgment thereon the court can construe the award.

101 C.J.S. § 1480, at 317 (footnotes omitted) (emphasis added).

One court has observed that, until an award has been modified or set aside by the industrial commissioner, no court has authority to modify it. The court said

that, on the filing of a certified copy of an award, "it was as much the clear legal duty of the judge ... to render judgment in accordance with the award as it would be to render judgment upon a finding or verdict." *State ex rel. Maines v. Scott Circuit Ct.*, 203 Ind. 572, 181 N.E. 523, 524 (1932); *see also St. Louis Pressed Steel Co. v. Schorr*, 303 Ill. 476, 135 N.E. 766, 767 (1922) ("[O]n application for judgment on the award the court has no jurisdiction to review the decision, construe the statute, or determine whether the decision of the board was correct or not.").

[R]endering judgment so that execution may be had [on a workers' compensation case] is the exercise of a ministerial function, and the mere method provided by the Legislature for enforcing the collection by legal process of the amount already legally ascertained to be due, that is by execution ... or any other appropriate process for enforcing a judgment.

*Richmond Cedar Works v. Harper*, 129 Va. 481, 106 S.E. 516, 520 (1921).

■ On an application for entry of a judgment, a court may, however, *construe* the award. *State ex rel. Maines*, 181 N.E. at 525; 101 C.J.S. § 1480, at 317; *see Krohn*, 420 N.W.2d at 464–65 (construing award to worker for medical expense to be satisfied by employer's arrangement to pay medical suppliers directly).

We conclude the district court lacked authority under Iowa Code section 86.42 to expand on the workers' compensation award. Therefore, the judgment must be vacated and the case remanded to the district court to enter a judgment in conformity with the commissioner's award. Any remaining issues shall be resolved at the time of execution or by a separate action, outside Iowa Code section 86.42, between the parties.

**JUDGMENT VACATED; CASE REMANDED.**