# IN THE SUPREME COURT OF IOWA

No. 53 / 04-1830

Filed June 2, 2006

**DONALD R. RETHAMEL, d/b/a
DONALD R. RETHAMEL
CONSTRUCTION,**

Appellant,

vs.

**STEPHEN A. HAVEY,**

Appellee.

---

On appeal from the Iowa District Court for Polk County, Artis I. Reis, Judge.

Employer appeals from district court judgment under Iowa Code section 86.42 (2001). **JUDGMENT REVERSED; CASE REMANDED.**

D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Robert S. Kinsey III and Kim R. Snitker of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellee.

**STREIT, Justice.**

Stephen Havey obtained an award of workers' compensation benefits from Donald R. Rethamel based on an injury suffered by Havey during his temporary employment with Rethamel. After the award was affirmed on judicial review, the district court allowed Havey to modify the commissioner's award through a motion for entry of judgment. Rethamel appealed; we reversed and remanded back to the district court with instructions to "enter judgment in conformity with the commissioner's award." On remand, the district court granted Havey's new motion to remand the case back to the commissioner for a limited evidentiary hearing. Because we find this is another improper attempt to modify an existing award through a motion for entry of judgment, we reverse the decision of the district court.

### I. Facts and Prior Proceedings

Stephen Havey was injured on January 21, 1997, while working for Donald R. Rethamel Construction. Havey filed a workers' compensation claim, and the commissioner entered the following award:

> That defendant shall pay *claimant* healing period benefits from January 21, 1997 to May 5, 1997, at the rate of two hundred sixty-eight and 06/100 dollars ($268.06).

> That defendant shall pay *claimant* fifty (50) weeks of permanent partial disability benefits at the rate of two hundred sixty-eight and 06/100 dollars ($268.06) to commence on May 6, 1997.

> That defendant shall pay the reasonable and necessary medical expenses as outlined in this decision.

> That all accrued benefits shall be paid in a lump sum.

> That defendant pay interest as provided by Iowa Code section 85.30.

> That defendant pay the costs of this action, pursuant to rule 876 IAC 4.33.

> That defendant shall file claim activity reports as requested by the agency.

(Emphasis added.) Rethamel appealed the decision, and the district court and court of appeals affirmed the commissioner's decision.

After the judicial review proceedings ended, Havey sought enforcement of his award through an amended motion for judgment. *See* Iowa Code § 86.42 (1997) (authorizing judgment by district court on award). In this motion, Havey asked the court for three items beyond enforcement of the commissioner's decision: (1) to enter an order whereby Rethamel would pay the medical expenses directly to Havey; (2) to award Havey a credit for attorney fees for collection of payments from third-party medical providers; and (3) payment of interest that was not included in the original award. Havey supported this motion with additional evidence purporting to prove that Havey had already paid part of the medical bills. After considering new evidence proffered by Havey, the district court ordered judgment in conformance with Havey's requests. Rethamel appealed, requesting that the application for judgment be dismissed or recalculated to reflect only those awards made by the commissioner.

On appeal, we interpreted the district court's role in rendering judgment on a commissioner's award determination to be a "ministerial function." *Rethamel v. Havey*, 679 N.W.2d 626, 629 (Iowa 2004). We held the court had the authority to "construe" the commissioner's award, but found the court had no authority to review, reverse, or modify the award at this point in the proceedings. *Id.* at 628-29. Because the district court's order of judgment expanded the workers' compensation award, we vacated the judgment and remanded the case back to district court "to enter a judgment in conformity with the commissioner's award."

*Id.* at 629. We ended our decision with the statement "[*a*]*ny remaining issues* shall be resolved at the time of execution or by a separate action outside Iowa Code section 86.42, between the parties." *Id.* (emphasis added).

On remand, Havey filed a new motion requesting that those issues upon which the district court previously took evidence be remanded to the workers' compensation commissioner for an evidentiary hearing. The district court agreed and remanded a portion of the case back to the workers' compensation commissioner for an evidentiary hearing to determine whether or not Havey was entitled to reimbursement of the medical expenses he had already paid.

On appeal, Rethamel claims the district court erred in remanding this case. Rethamel argues that by ordering the commissioner to consider new issues and consider new evidence not previously raised, the court has once again effectively modified the commissioner's original decision.

### II.  Standard of Review

The standard of appellate review regarding the permissible scope of a district court judgment is for errors of law. *Id.* at 627.

### III.  Merits

Iowa Code section 86.42 provides a summary method for transforming a workers' compensation award into an enforceable judgment:

> Any party in interest may present a certified copy of an order or decision of the [workers' compensation] commissioner, . . . and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render *a decree or judgment* and cause the clerk to notify the parties. The

decree or judgment . . . has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.

This section does not expressly provide for enforcement by execution, but, as noted by the italicized language, it creates a judgment just like any other. *See also Simonson v. Snap-on Tools Corp.*, 588 N.W.2d 430, 437 (Iowa 1999) ("a petitioner may seek to enforce an award pursuant to section 86.42 by obtaining a judgment in district court based on the commissioner's award of benefits"). Judgments for money are enforced by execution. Iowa Code § 626.1. Allowing execution on a section 86.42 judgment is also consistent with the general rule as stated in *Zeigler v. Fleetguard, Inc.*, 675 N.W.2d 581, 583 (Iowa 2004) (quoting 101 C.J.S. *Workers' Compensation* § 1484, at 318 (2000)):

> The court's award of compensation under the Workers' Compensation Act is a judgment that may be enforced by execution. The judgment must be entered before it can be enforced by execution. After an award has been filed in the proper court and given the force and effect of a judgment therein, it is enforceable by execution, and supplementary proceedings in aid of execution may be resorted to as in other cases.

Because the rights of the claimant have already been established by the time the application to enter judgment has been made, the district court is bound to enter judgment in conformance with the workers' compensation award. *Rethamel*, 679 N.W.2d at 628. The court has no power to change the award, review the award, reverse the award, modify the award, remand the case to the commissioner, or construe the workers' compensation statute. *See id.*; *St. Louis Pressed Steel Co. v. Schorr*, 135 N.E. 766, 767 (Ill. 1922) ("[O]n application for judgment on the award the court has no jurisdiction to review the decision, construe the statute, or determine whether the decision of the board was correct or not.").

The district court's role at the time of entry of judgment is limited to "construing" the commissioner's decision. *Id.* According to Black's Law Dictionary, "construe" means "[t]o analyze and explain the meaning of (a sentence or passage)." *Black's Law Dictionary* 333 (8th ed. 2004). Therefore, the district court's role in entry of judgment is limited to analyzing and explaining the meaning of the commissioner's written award decision.

In this case, the commissioner's decision specifically states that Rethamel shall pay Havey healing period benefits and permanent partial disability benefits. The decision then states Rethamel is ordered to pay specific reasonable and necessary medical expenses related to this injury. The decision does not identify who shall be paid the reasonable and necessary medical expenses. Our previous decisions clearly establish that a workers' compensation claimant is *not* entitled to be paid sums for medical and hospital expense *unless* there is a specific showing that the claimant himself paid the medical expenses. *See Krohn v. State*, 420 N.W.2d 463, 464-65 (Iowa 1988); *accord Caylor v. Employers Mut. Cas. Co.*, 337 N.W.2d 890, 894 (Iowa Ct. App. 1983) ("Claimant is not entitled to reimbursement for medical bills unless he shows that he paid them from his own funds."). If a claimant has already paid such expenses, and anticipates difficulties in recouping those costs, the onus is on the claimant to present evidence of prior payment to the commissioner so that the commissioner, in awarding medical benefits, can order the defendant to pay such medical expenses directly to the claimant.

By remanding the case back to the commissioner, the district court implied that it had *reviewed* the award and was sending the case back so the commissioner could take additional evidence to reconsider or revise

its original decision. This action goes far beyond the court's power to *construe* the commissioner's decision.[1]

An appropriate way to "construe" the award would be to enter judgment stating "Rethamel is liable for Havey's medical expenses." Such a judgment could be enforced "at the time of execution or by a separate action" by whoever provided the medical care, or whoever already paid for the medical expenses. *See generally* Iowa Code ch. 626 (addressing writs of execution); Iowa R. Civ. P. 1.1018-1.1020 (addressing execution and duty of officer, endorsement, and levy on personalty); Stefan A. Riesenfeld, *Collection of Money Judgments in American Law,* 42 Iowa L. Rev. 155 (1957) (broadly categorizing collection remedies into executability, actionability, and lien creation); J.E. Heiserman, *Procedures Available for Implementation of a Judgment in Iowa,* 42 Iowa L. Rev. 265 (1957) (reviewing the procedures for enforcements of judgments).

**IV. Conclusion**

The proper avenue to modify a decision by the commissioner is through procedures before the commissioner or a petition for judicial review. Havey's attempt to modify the commissioner's decision now, at the time of entry of judgment, is improper.

We vacate the district court's judgment and remand the case back to the district court so that it can enter a judgment in conformity with the commissioner's award.

**JUDGMENT REVERSED; CASE REMANDED.**

---

[1]This decision does not abrogate the district court's ability to remand a case back to the commissioner at the time of judicial review. We only find it inappropriate when the court does so in a section 86.42 enforcement proceeding.