# IN THE SUPREME COURT OF IOWA

No. 08–0057

Filed July 10, 2009

**BEVERLY MANNES,**

Appellee,

vs.

**FLEETGUARD, INC., and
TRAVELERS INSURANCE COMPANY,**

Appellants.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Winnebago County, James M. Drew, Judge.

Employer challenges district court's decision remanding workers' compensation case. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Richard G. Book of Huber, Book, Cortese, Hape, & Lanz, P.L.C., West Des Moines, for appellants.

Mark S. Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellee.

**STREIT, Justice**.

Beverly Mannes filed two workers' compensation claims against her employer, Fleetguard, Inc. The deputy commissioner awarded her benefits for one injury but not the other because she was unable to demonstrate she was injured on the specific date alleged. On judicial review, the district court remanded the case to determine whether Mannes suffered an injury on a different date. On remand, the deputy commissioner determined Mannes suffered an injury (albeit on a slightly different date) and awarded her permanent partial disability benefits. The decision did not address temporary benefits, penalty benefits, costs, or the full responsibility rule. On judicial review, the district court remanded the case to address these issues. Fleetguard appealed. Because temporary partial benefits cannot be awarded as a matter of law where there has been no reduction in income, the district court erred in remanding the case on that issue. However, remand is appropriate on the other issues since the commissioner did not rule on them.

## I. Background Facts and Prior Proceedings.

Beverly Mannes began working for Fleetguard and its predecessor in 1972 as a product assembler and a forklift operator. During her thirty years of employment, Mannes sustained a multitude of injuries during the course of her employment,[1] but was not paid permanent disability for any of these conditions. In 1998, Mannes was diagnosed with multiple

---

[1]Mannes hurt her back in 1975, was diagnosed with carpal tunnel in 1976, which resulted in surgery on her right hand, fractured her foot in 1978, developed bilateral knee pain in 1981, had surgery on her left hand for carpal tunnel in 1982, developed back pain in 1984, developed neck problems in 1987, which led to numbness in her right arm and fingers, developed a bunion in 1994 that resulted in surgery, was diagnosed with spondylolisthesis in 1997, experienced more problems related to her carpal tunnel in 1998, injured her hip in 1999, tore her left rotator cuff in 1999, which resulted in surgery, and experienced more problems related to her carpal tunnel in 2000.

sclerosis. In May 2000, Mannes began complaining about right wrist discomfort. She saw a number of physicians, went to occupational therapy, and in 2001 was diagnosed with bilateral chronic degenerative changes and chronic overuse syndrome in the wrists consisting of low grade deQuervain's tenosynovitis and CMC joint strain bilaterally. She was transferred to work in a slow department because of the restrictions related to her wrists. Two months later, Mannes began complaining of back, neck, and shoulder pain. Physical therapy was unsuccessful in alleviating the pain. In September 2001, she was diagnosed with degenerative cervical disc disease.

In October 2001, Mannes filed petitions for workers' compensation benefits for two injuries: an overuse injury to both arms alleged to have been suffered on May 16, 2000, and an overuse injury to her neck and shoulders alleged to have been suffered on September 1, 2001. The deputy commissioner concluded Mannes sustained a twenty percent industrial disability, entitling her to temporary partial disability benefits from July 27, 2000 to January 4, 2001 and ten weeks of permanent partial disability with respect to the May 16, 2000 injury. Her claim for benefits relating to the September 1, 2001 injury was denied, because she did not prove that this date was the date she sustained an injury. She was taxed costs for this claim. Her claim for penalty benefits was also denied. The workers' compensation commissioner affirmed the decision.

On judicial review, the district court remanded the case to determine whether or not Mannes suffered from a cumulative neck and back injury, and if so, when it manifested itself. The court of appeals affirmed the district court. On remand, the deputy commissioner concluded Mannes sustained a cumulative injury to her neck and

shoulders which arose out of and in the course of employment on September 5, 2001. The deputy commissioner determined Mannes suffered an industrial disability of ten percent to the body as a whole and was entitled to fifty weeks of permanent partial disability benefits. The issue of costs was not addressed. Mannes's request for rehearing was denied.

On judicial review, the district court determined the agency's decision failed to address the issue of temporary partial benefits, costs, penalty benefits, and the full responsibility rule related to the September 5 injury and remanded the case to the agency. Fleetguard appealed, asserting Mannes was not entitled to temporary partial benefits as a matter of law because there was no evidence in the record demonstrating a reduction in Mannes's income. Fleetguard also contends remand was inappropriate because (1) Mannes did not preserve error with respect to taxation of costs, (2) Mannes was not entitled to penalty benefits as a matter of law, and (3) the commissioner's ruling was consistent with the full responsibility rule. We transferred the case to the court of appeals, which affirmed the district court's decision remanding on all issues.

**II. Scope of Review.**

We review the commissioner's legal findings for correction of errors at law. Iowa Code § 17A.19(10)(*c*), (*m*) (2009). "Our task is to determine whether the district court, acting in its appellate capacity in these judicial review proceedings, applied the law correctly." *Noble v. Lamoni Prods.*, 512 N.W.2d 290, 292 (Iowa 1994). We are bound by the commissioner's findings of fact so long as those findings are supported by substantial evidence. *Excel Corp. v. Smithart*, 654 N.W.2d 891, 896 (Iowa 2002); Iowa Code § 17A.19(10)(*f*).

**III.  Merits.**

**A.  Temporary Partial Disability Benefits.**  Mannes made a claim for temporary partial benefits relating to the September 2001 injury for the period of October 11, 2001 to February 21, 2002.  The commissioner only awarded temporary partial benefits for the May 16, 2000 injury.  Mannes filed an application for rehearing on the issue of temporary partial benefits for the September 2001 injury, which was denied.  On judicial review, the district court remanded because it was "unable to determine whether the deputy actually considered Mannes's claim."

Fleetguard contends the district court erred in remanding the issue of whether Mannes is entitled to temporary partial benefits for the September 2001 injury because, as a matter of law, Mannes is not entitled to temporary partial benefits as there was no evidence in the record demonstrating a reduction in Mannes's income during the period claimed (October 11, 2001 to February 21, 2002).  We agree.

An employee is entitled to receive temporary partial benefits when the employee is temporarily, partially disabled and accepts suitable work consistent with his or her disability.  Iowa Code § 85.33(3) (2001).  Employers pay temporary partial benefits "because of the employee's temporary partial reduction in earning ability as a result of the employee's temporary partial disability."  *Id.* § 85.33(2).  Subsection 4 provides a means for calculating temporary partial benefits:

> The temporary partial benefit shall be sixty-six and two-thirds percent of the difference between the employee's weekly earnings at the time of injury . . . and the employee's actual gross weekly income from employment during the period of temporary partial disability.

*Id.* § 85.33(4). The statute in itself suggests that temporary partial benefits can only be awarded if the employee experiences an actual reduction in wages. *Id.*

Mannes asserts that temporary partial benefits should be based on earning capacity, not on an actual reduction in wages. Relying on the holding in *Oscar Mayer Food Corp. v. Tasler*, 483 N.W.2d 824, 831 (Iowa 1992), Mannes contends that, in determining temporary partial benefits, a "showing of actual diminution in earnings will not always be necessary to demonstrate an injury-induced reduction in earning capacity." As "compensable disabilities will often be present despite the fact that the employee has not, as yet, suffered any actual diminution in earning capacity," the agency uses earning *capacity* rather than actual earnings to determine industrial disability. *Oscar Mayer*, 483 N.W.2d at 831. However, in *Oscar Mayer*, the court was concerned with establishing *permanent* industrial disability under Iowa Code section 85.34, not *temporary* benefits under section 85.33. *Id.*; *see also St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 653 (Iowa 2000) (where employee had permanent partial industrial disability, not necessary to show actual reduction in employee's earnings).

Permanent benefits and temporary benefits are very different. Temporary benefits compensate the employee for lost wages until he or she is able to return to work, whereas permanent benefits compensate either a disability to a scheduled member or a loss in earning capacity (industrial disability). *Compare* Iowa Code § 85.33, *with id.* § 85.34. Permanent partial industrial disability benefits "measure[] the extent to which the injury impairs the employee in the ability to earn wages." *Simbro v. Delong's Sportswear*, 332 N.W.2d 886, 887 (Iowa 1983). Conversely, temporary partial benefits are designed to reimburse the

employee while he or she was temporarily disabled and still working for the employer (albeit in a different position). Iowa Code § 85.33; *see also Clark v. Vicorp Rests., Inc.*, 696 N.W.2d 596, 604–05 (Iowa 2005) ("Temporary total disability compensation benefits . . . are made to partially reimburse the employee for the loss of earnings while the employee is recuperating from the condition the employee has suffered."). Temporary benefits are "ordinarily established by direct evidence of actual wage loss." 4 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 80.03[2], at 80–5 (2009).

As permanent benefits and temporary benefits compensate the injured employee for different things, we should not automatically apply standards governing the determination of permanent benefits to temporary benefits. There is no need to apply case law on permanent disability benefits from section 85.34 to define "temporary partial reduction in earning ability" under section 85.33. Section 85.33 clearly defines the purpose of temporary partial benefits and subsection (4) sets forth a formula for calculating temporary partial benefits, based on actual reduction of income. Thus, as a matter of law, temporary partial benefits cannot be awarded where there has been no reduction in income. The district court erred in remanding the case on that issue.

**B. Costs.** In the first proceeding, the deputy commissioner determined Mannes had not suffered an injury on September 1, 2001 and taxed the costs of that proceeding to Mannes. On remand, the commissioner concluded Mannes suffered an injury (on September 5, 2001) and was entitled to disability benefits. However, on remand, the issue of costs was not addressed. In the petition for rehearing, Mannes noted this deficiency. The petition was denied. On judicial review, the

district court determined the agency failed to address the costs issue and remanded the case.

Fleetguard contends error was not preserved on this issue because the district court did not address the issue of costs during the first judicial review proceeding, and Mannes did not file a motion to enlarge the ruling. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). We agree with the district court that, by remanding the case "for further action consistent with this ruling," the district court did address the issue of re-taxation of costs. Therefore, error was preserved. The district court did not err in remanding the case to determine the issue of costs.

**C. Penalty Benefits.** Fleetguard argues the district court erred in remanding the issue of whether penalty benefits should be awarded because Mannes was not entitled to them as a matter of law.

Under Iowa Code section 86.13, an employee is entitled to penalty benefits "[i]f a delay in commencement . . . of benefits occurs without reasonable or probable cause or excuse . . . ." Here, the district court remanded the case because the deputy commissioner did not rule on Mannes's claim for penalty benefits. It concluded "it would not be appropriate for this court to pass on the merits of the claim without first having a ruling from the commissioner." We agree. The first time Mannes's claim was before the agency, the commissioner determined Mannes did not prove an injury on September 1, 2001, and thus, this issue was not addressed. On remand, the deputy commissioner also failed to rule on the issue, even though it was potentially applicable. In her application for rehearing, Mannes requested the commissioner

resolve the penalty issue. Rehearing was denied. We agree with the district court that remand is appropriate as the commissioner never ruled on the issue of penalty benefits.

**D. Full Responsibility Rule.** Fleetguard also argues the district court erred in remanding the issue of whether the full responsibility rule was followed because the commissioner's ruling was consistent with the full responsibility rule.

Under the full responsibility rule, " '[w]hen there are two successive *work-related* injuries, the employer liable for the second injury "is generally held liable for the entire disability resulting from the combination of the prior disability and the present injury." ' " *Smithart*, 654 N.W.2d at 897 (quoting *Second Injury Fund v. Nelson*, 544 N.W.2d 258, 265 (Iowa 1995)). Thus, when a worker suffers a disability that is caused by two separate injuries, the worker will receive a greater total compensation than if the disability resulted from a single cumulative injury. *Id.*

In the first proceeding, the commissioner determined Mannes suffered a twenty percent industrial disability resulting from a May 2000 injury. In the remand decision, the commissioner determined Mannes sustained a ten percent loss of earning capacity from the September 2001 injury and concluded Mannes "suffered from a ten percent permanent partial industrial disability." In the remand decision, the commissioner made no mention of the full responsibility rule.

On judicial review, Mannes asserted the commissioner should have applied the full responsibility rule in determining her disability. As it was unclear whether the commissioner considered the full responsibility rule in determining Mannes's disability, the district court remanded the case "for clarification on whether the full responsibility rule was followed

and, if not, a redetermination of industrial disability." We agree that remand is appropriate since the commissioner did not address whether the full responsibility rule was considered.

### IV. Conclusion.

Because temporary partial benefits cannot be awarded as a matter of law where there has been no reduction in income, the court erred in remanding the case on that issue. However, remand is appropriate on the other issues since the commissioner did not rule on them. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**