# IN THE COURT OF APPEALS OF IOWA

No. 13-1748
Filed October 15, 2014

**MERCY HOSPITAL, IOWA CITY and
CAMBRIDGE INTEGRATED SERVICES,**
    Petitioners-Appellants,

**vs.**

**SUSAN GOODNER,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Robert Hutchinson,

Judge.

    The employer and its insurer appeal from the district court's entry of

judgment upon Susan Goodner's petition for enforcement of the workers'

compensation commissioner's award. **AFFIRMED.**

    Peter M. Sand, Des Moines, for appellants.

    Paul J. McAndrew of Paul McAndrew Law Firm, PLLC, Coralville, for

appellee.

    Heard by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

The employer, Mercy Hospital, and its insurer, Cambridge Integrated Services,[1] appeal from the district court's entry of judgment upon Susan Goodner's petition for enforcement of the workers' compensation commissioner's award. The commissioner entered the following award:[2] "Defendants [Mercy] shall pay unto the claimant [Goodner] permanent total disability benefits at the rate of [$996] per week from January 18, 2000, except for any periods of time claimant returned to employment, and during the time claimant remains permanently and totally disabled." On appeal, Mercy contends the district court "did not properly construe the award when entering judgment." Finding no error, we affirm.

### I. District Court's Authority.

Under Iowa Code section 86.42 (2013),[3] a district court is "bound to enter a judgment in conformance with the workers' compensation award." *Rethamel v.*

---

[1] Unless otherwise specified, our use of the term "Mercy" will refer to both the employer and the insurer.

[2] Adopting the deputy's arbitration ruling, but modifying the rate, which was capped by statute.

[3] Iowa Code section 86.42 provides:

> Any party in interest may present a file-stamped copy of an order or decision of the commissioner, from which a timely petition for judicial review has not been filed or if judicial review has been filed, which has not had execution or enforcement stayed as provided in section 17A.19, subsection 5, or an order or decision of a deputy commissioner from which a timely appeal has not been taken within the agency and which has become final by the passage of time as provided by rule and section 17A.15, or an agreement for settlement approved by the commissioner, and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render a decree or judgment and cause the clerk to notify the parties. The decree or judgment, in the absence of a petition for judicial review or if judicial review has been commenced, in the absence of a stay of execution or enforcement of the decision or order of the workers' compensation commissioner, or in the absence of an act of any party

*Havey*, 679 N.W.2d 626, 628 (Iowa 2004) (*Rethamel I*). The district court's role in rendering judgment on a commissioner's award determination is a "ministerial function." *Id.* at 629; *Rethamel v. Havey*, 715 N.W.2d 263, 265 (Iowa 2006) (*Rethamel II*).

> "General jurisdiction is not given to a court to determine any question of fact or law necessary to support the award as rendered by the Workers' Compensation Board or Commission in the first instance; at the time application is made to enter judgment on the record the rights of claimant have been established.
> "The court must render a judgment in accordance with the award. *The court has no power to change the award*, *it cannot review*, *or reverse or modify the award*, *or construe the statute*. . . ."
> . . . .
> On an application for entry of a judgment, a court may, however, *construe* the award.

*Rethamel I*, 679 N.W.2d at 628-29 (citations omitted).

**II. Standard of Review.**

We review the district court's entry of judgment for errors of law. *Rethamel II*, 715 N.W.2d at 266.

**III. Discussion.**

In an earlier appeal to this court, we set out the background facts. *See Mercy Hosp. Iowa City v. Goodner*, No. 12-0186, 2013 WL 104888, at *1-6 (Iowa Ct. App. Jan. 9, 2013). There we affirmed the commissioner's award of permanent total disability benefits to Goodner, finding "[t]here was substantial reliable medical evidence to support the agency's conclusion that Goodner's mononucleosis and subsequent chronic fatigue syndrome arose out of and in the

---

which prevents a decision of a deputy workers' compensation commissioner from becoming final, has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.

course of her employment. There is also substantial evidence supporting the agency's conclusion that Goodner is permanently and totally disabled as an odd-lot employee." *Id.* at *18.

After the appeal and issuance of the procedendo, Mercy paid no additional benefits. In response, Goodner filed an action in the district court seeking entry of judgment. The district court questioned whether the present issue should be remanded to the agency. Upon Mercy's insistence that the matter was properly decided by the district court and should not be remanded, the court entered a ruling first describing the contested proceedings:

> As difficult as it is to believe, the issues before the Court are the remnants of a dispute between the parties dating back to Goodner's work-related injury in *January 2000*. The original disputes between the parties came in alternate care proceedings, in which [Mercy] admitted Goodner had suffered a work-related injury, accepted responsibility for her expenses and sought to control her medical care. [Mercy and its insurer] paid benefits, which they characterized as healing period benefits, temporary partial disability benefits and permanent partial disability benefits, from January 2000 through May 13, 2007. [Mercy and its insurer] then chose to terminate payment of benefits and tried to contest that Goodner had suffered a work-related injury and that they were responsible for paying benefits to her. The Commissioner, district court, and Court of Appeals all ruled that [Mercy and its insurer] were barred from contesting these issues by the doctrine of judicial estoppel, having admitted the injury was work-related and their own responsibility for that injury in the alternate care proceedings.
> [Mercy and its insurer] further contested the Commissioner's finding and conclusion that Goodner was permanently and totally disabled. Once again, the district court and Court of Appeals affirmed the Commissioner's ruling. Finally, [Mercy and its insurer] argued that some of Goodner's medical expenses were not related to the work-related injury. On this issue, [Mercy and its insurer] enjoyed their sole success, with the Court of Appeals holding that [they] did not have to pay for Goodner's bariatric surgery.[4] The

---

[4] This court affirmed the agency's finding that Mercy need pay only one-half the cost of family therapy—that portion of the therapy that benefitted Goodner. *Goodner*, 2013 WL 104888, at *18.

Court of Appeals decision was entered January 9, 2013, and procedendo issued soon thereafter.

Despite their lack of success on virtually every issue presented to the Commissioner and the courts, [Mercy and its insurer] continued to resist responsibility for the award sought by Goodner. On May 8, 2013, Goodner filed an application for judgment, seeking a determination from the Court as to the exact amounts owed by [Mercy and its insurer] to her. [Mercy and its insurer] resisted the application, leading to the hearings on August 5 and August 30, 2013.

The district court then explained its view of the issue and summarized the

parties' positions:

Central to the primary dispute between the parties is the following language from the deputy's decision: his order required [Mercy and its insurer] to pay [Goodner] weekly benefits from the date of injury forward, "except for any periods of time Claimant returned to employment, and during the time Claimant remains permanently, totally disabled."

In order to put the present dispute in context, it is necessary to understand the facts before the deputy at the time of the original hearing. The record evidence was that from and after the date of injury in January 2000 until the hearing on April 30, 2009, Goodner had at times worked full time, at times part time, and at times not at all. The deputy lauded Goodner for her efforts in trying to return to work, and to find work that would be compatible with her symptoms. However, the deputy ultimately concluded that whenever Goodner returned to work at any level, her symptoms were aggravated. He concluded as a result that Goodner was totally and permanently disabled from the date of the original injury in January 2000— despite the fact she had worked for significant time periods between January 2000 and April 2009. That specific finding was affirmed by the Commissioner, the district court, and the Court of Appeals, and remains the law of the case.

At the outset of the hearing on August 5, 2013, counsel for the parties advised the Court there were two remaining issues: (1) when exactly Goodner had worked between January 2000 and April 30, 2009; and (2) whether Goodner was entitled to any weekly benefits during periods when she was working part time between January 2000 and April 30, 2009. [Mercy and its insurer] conceded that they owed benefits for any time Goodner was not working at all, and respondent conceded she was not entitled to benefits during any time period she was working full time. However, the parties disagreed as to the effect of the deputy's ruling, quoted

above, that she would not receive benefits for any time period she returned to employment.

The parties ultimately reached a stipulation as to the exact days Goodner had worked between the dates of her injury and final hearing. However, they continued to disagree as to the meaning of the deputy's ruling with regard to the times when Goodner was working part time. The Court expressed concern about its role in interpreting the decision of the deputy, and inquired about the possibility of remanding the case to the Commissioner for that express purpose. However, [Mercy and its insurer] advocated— and respondent ultimately agreed—that it was the Court's duty to interpret the Commissioner's decision, and not to remand the case. Based upon the parties' joint assertion that the Court and not the Commissioner should decide the meaning of the deputy's ruling, and the authority cited by the parties, the Court agreed to take up the remaining issue and held the final hearing on August 30, 2013.

Goodner's argument is simple and straightforward. She contends that the deputy could not have intended to penalize her in effect for attempting to return to work between January 2000 and April 2009 by ruling that she would receive no weekly benefits during any week in which she had worked at all during that time period. That is indeed the effect of [Mercy's] argument; regardless of how many hours [Goodner] had worked in a given week, if she worked at all she would receive no weekly benefits for that week under [Mercy's] interpretation of the deputy's ruling.

[Mercy and its insurer] admit that the result of their argument is harsh, but argue that it is justified not only by the language of the deputy's ruling but the logic inherent in the deputy's ruling.

The district court rejected Mercy's construction of the commissioner's award, as do we. Mercy's position would deny Goodner *any* benefits even if she was capable of only working one hour per week, though under workers' compensation provisions she is entitled to benefits if she is partially disabled, temporarily or permanently. *See* Iowa Code §§ 85.33, .34. The district concluded this result was clearly contrary to the commissioner's ruling and to the goals of the workers' compensation provisions, which is to benefit the worker. *Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 750 (Iowa 2002); *McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 188 (Iowa 1980).

The district court also noted that Iowa case law supports the proposition that the commissioner may find permanent total disability, even though the employee has worked to some extent in the past or is capable of working to some extent in the future. *See IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 633 (Iowa 2000) (stating "total disability does not mean a state of absolute helplessness"); *see also Acuity Ins. v. Forman*, 684 N.W.2d 212, 219-20 (Iowa 2004) (affirming finding of total permanent disability where employee continued to be employed), *abrogated on other grounds by Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 391-92 (Iowa 2009). The district court concluded, based upon this rationale, the commissioner could have awarded Goodner weekly benefits for the entirety of the period between January 2000 and April 30, 2009, without any credit to Mercy for the wages Goodner in fact earned but instead "chose to follow a different course" and gave the employer credit.

In addition, the district court found Mercy should be judicially estopped from asserting a position inconsistent with its earlier position that it should be entitled to credit for any and all time periods Goodner was working between January 2000 and April 2009, which times were included in a stipulation made at the arbitration hearing.[5] *See Winnegago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 574-75 (Iowa 2006). We find it significant that this same principal was

---

[5] The district court observed that Mercy stipulated on the arbitration hearing report with Goodner and before the hearing deputy in open hearing that "[p]rior to hearing, claimant was paid indemnity as shown in Claimant's Exhibits 48 and 49." Exhibits 48 and 49 are itemized statements of the money-benefits (i.e., indemnity) paid by Mercy before hearing. Mercy's current position was contrary to its stipulation that the itemization of indemnity set forth in Claimant's Exhibits 48 and 49 are to be honored and used to determine proper amounts of indemnity paid before hearing.

invoked in the original appeal from the award. *See Goodner*, 2013 WL 104888, at *10.

Mercy disputes Goodner's contention that the court should construe the award in a way that is "reasonable." Mercy describes Goodner's contention the "most problematic argument." In sum, Mercy argues the agency's award must be construed solely upon the legislative policy established in the code not upon a reasonableness standard. We find no error in a reasonable reading of the commissioner's award. Temporary partial disability is paid to an employee "for whom it is medically indicated that the employee is not capable of returning employment substantially similar to the employment in which the employee was engaged at the time of injury." Iowa Code § 85.33(2). "Temporary benefits compensate the employee for lost wages until he or she is able to return to work . . . . [T]emporary partial benefits are designed to reimburse the employee while he or she was temporarily disabled and still working for the employer (albeit in a different position)." *Mannes v. Fleetguard, Inc.*, *Travelers Ins. Co.*, 770 N.W.2d 826, 830 (Iowa 2009). The district court's construction of the commissioner's ruling is in keeping with the goals of workers' compensation. Mercy paid temporary partial benefits and the commissioner ruled it "shall be given credit for benefits previously paid." The district court's ruling properly construes the award to allow benefits to Goodner during times she was still working less than full time—that is, when she was "not capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury"—and giving Mercy credit for those payments. This is a

reasonable construction of the award and is mindful of the policies established by the legislature but does not involve construing a statute or modifying the award.[6]

The district court entered judgment, which provides in part:

(5) Attached as "Exhibit A" is an Award Calculation. Exhibit A accurately sets forth the amount of the compensation (i.e., indemnity or weekly monetary benefits) awarded by the Iowa Workers' Compensation Division Deputy Commissioner in his December 30, 2009, Arbitration Decision, which compensation was affirmed by all reviewing courts.

(6) Mercy has paid all Section 85. 2 7 expenses presented at hearing and awarded in the December 30, 2009, Arbitration Award.

(7) Mercy has also paid all hearing costs.

(8) The parties at hearing in this Court on August 30, 2013, stipulated to the following dates concerning Goodner's employment:

(a) 1/18/00–2/7/00: Goodner was working full-time at Mercy Clinic.

(b) 2/7/00–3/6/00: Goodner was off work at this time.

(c) 3/7/00–6/30/03: Goodner was working part-time at Mercy Clinic.

(d) 7/15/03–8/31/03: Goodner was unemployed at this time.

(e) 9/1/03–1/15/04: Goodner was working full-time at UI Student Health.

(f) 1/16/04–2/18/05: Goodner was working part-time at UI Student Health.

(g) 2/22/05–12/26/05: Goodner was working part-time at the VA. (This stipulation was agreed to at the hearing before the Court on August 9, 2013, adding 19.5 part-time weeks to Mercy's credit).

(h) 12/27/05–9/1/2006: Goodner was working part-time for Amish house-call service.

(i) 9/2/06–11/29/07: Goodner was not working at this time.

---

[6] Mercy argues the district court impermissibly awarded Goodner both permanent partial and permanent total disability benefits for the same work-related injury. Iowa Code section 85.34(3)(b)—the section governing permanent total disability awards—states, in part: "No compensation shall be payable under this subsection for any injury for which compensation is payable under subsection 2 [which governs permanent partial disability awards] of this section." Subsection three explicitly prohibits creating a hybrid award of permanent partial and permanent total disability benefits for the same injury. *See Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 200 (Iowa 2010) ("Any disability that remains after stabilization of the condition gives rise to 'either a permanent partial or a permanent total award.'") (quoting 4 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 80.03, at 80–4 (2009)). We do not conclude the district court created a hybrid award.

(j) 11/30/06–1/23/08: Goodner was working part-time for Unity Healthcare at this time.

(k) 1/24/08–present: Goodner was not working at this time;

(9) The Court entered its Ruling on Respondent's Application for Judgment Entry on October 9, 2013, directing, among other things, that counsel for respondent/Goodner shall prepare a judgment entry for weekly benefits consistent with the stipulation of the parties concerning Goodner's employment between January 2000 and April 30, 2009, and the contents of the ruling that counsel for respondent shall prepare a judgment entry for weekly benefits consistent with the stipulation of the parties concerning Goodner's employment between January 2000 and April 30, 2009, and the contents of this ruling, obtain the signature of petitioners' [Mercy's] counsel approving the ruling as to form only, and present it to the Court for signature on or before November 1, 2013. This filing is now made to comply with that Ruling.

The court entered judgment in favor of Goodner and against Mercy in the principal amount $320,007.64 and for $91,134.90 in interest accrued on the principal amount from "11/27/07–11/1/13"; and for costs in an amount to be determined by the clerk of court.

The district court's judgment entry properly construes the agency decision to compensate Goodner when she was unable to work, whether that was a full week or a partial week. However, the judgment allows Mercy to receive a credit proportionally for the weeks when Goodner was able to work a partial week. Finally, the judgment gives credit to Mercy for past payments in accordance with the agency ruling.

We find no error. Costs of this appeal are assessed to Mercy.

**AFFIRMED.**