# IN THE COURT OF APPEALS OF IOWA

No. 20-1097
Filed September 22, 2021

**WILLIAM JOSEPH REINSBACH,**
Plaintiff-Appellant,

**vs.**

**GREAT LAKES COOPERATIVE and NATIONWIDE AGRIBUSINESS,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

William Reinsbach appeals from a district court order enforcing a decision of the Iowa Workers' Compensation Commissioner. **AFFIRMED.**

Mark S. Soldat of Mark S. Soldat, PLC, West Des Moines, for appellant.

Jeffrey W. Lanz of Huber, Book, Lanz, & McConkey PLLC, West Des Moines, for appellees.

Heard by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

William Reinsbach appeals from a district court judgment entered pursuant to Iowa Code section 86.42 (2019) to enforce a decision of the Iowa Workers' Compensation Commissioner. Reinsbach contends the district court went beyond construing the commissioner's ruling and improperly modified the ruling. Finding no error of law, we affirm.

**I. Background Facts and Proceedings.**

This court summarized the background facts in a prior appeal:

> William Reinsbach sustained an injury to his lower back arising out of and in the scope of his employment on April 15, 2005. Conservative care was given, but on May 1, 2006, while in physical therapy for this work injury, Reinsbach sustained an additional injury. Reinsbach's workers' compensation claim based on the 2005 injury was settled through an agreement for settlement, approved by the commissioner on February 14, 2008, setting his permanent partial disability rate at [fifteen percent] body as a whole and noting Reinsbach would be entitled to future medical care for the injury. When Reinsbach's pain continued, he filed a review-reopening petition, and he eventually underwent three back surgeries with a fourth surgery recommended as of the date of the review-reopening hearing on January 18, 2012.
>
> The deputy workers' compensation commissioner issued his decision in the review-reopening case on February 29, 2012, concluding Reinsbach proved his condition had deteriorated since the settlement and his ongoing treatment was causally related to his work injury. The decision also ordered Great Lakes Cooperative and Nationwide Agribusiness Insurance (employer) to pay for the medical bills Reinsbach had incurred to that point. The issue of the extent of Reinsbach's entitlement to temporary and permanent disability benefits was bifurcated for a later determination in light of his ongoing treatment. The deputy's decision was appealed within the agency, and another deputy, sitting by designation of the commissioner, [on May 13, 2013,] affirmed the initial ruling and specifically ordered the employer to pay the costs of the action, which included the expense of two independent medical examinations (IMEs) by Dr. Kuhnlein.
>
> The employer filed a petition for [judicial] review, challenging the substantial evidence to support the agency's determination that Reinsbach's current condition was causally related to his work injury

and challenging the agency's assessment of the cost of the IMEs as hearing costs under Iowa Administrative Code rule 876-4.33(6).

*Reinsbach v. Great Lakes Coop.*, No. 14-0467, 2015 WL 4158767, at *1 (Iowa Ct. App. July 9, 2015).

On appeal, we upheld the finding Reinsbach's current condition was causally related to his work injury, but reversed the portion of the district court's decision affirming the assessment of the costs of IMEs to the employer. *Id.* at *1– 2. We remanded with directions that the agency determine what portion of the costs of Dr. Kunlein's IMEs was associated with the preparation of the written report. *Id.*

On October 18, 2019, Reinsbach filed with the district court a request for entry of judgment to enforce the commissioner's May 3, 2013 ruling, which stated in relevant part:

> Claimant asserts that although the hearing deputy found the requested medical expenses causally related to the original injury and awarded them, he failed to address the issue of authorization and whether or not unauthorized care was helpful to claimant. Claimant raises this issue only to anticipate such an issue on appeal. First, as claimant admits, defendants essentially ended their medical treatment of claimant after the last payment of fees to Dr. Fiala in early 2009. They have not paid for or authorized any other care since that time and have denied responsibility for claimant's condition after they ended care. Consequently, the issue of authorization is moot. Due to defendants' denial of liability for the condition and withdrawal of authorization for care, they lost the right to choose the medical care for this condition. . . .
> The deputy found that the expenses he awarded were for reasonable and necessary treatment of the April 15, 2005 work injury. I agree. Such a finding is sufficient to award the expenses without a specific finding that the care was beneficial. . . .
> Claimant complains that the hearing deputy did not issue a specific award of medical expenses, despite asking that claimant re-submit his request for medical expenses showing the specific amounts paid by him and others. I agree that the hearing deputy did not do so. A specific award will be issued in this appeal decision.

Claimant is entitled to an order of reimbursement if he has paid those expenses. Otherwise, claimant is entitled only to an order directing the responsible defendants to make such payments directly to the provider. . . .

Claimant complains that the hearing deputy did not address the issue of alternate care. I agree the hearing deputy did not do so. However, by sustaining the finding the medical expenses to date are reasonable and necessary treatment of the work injury, it follows that since claimant has not completed that treatment that claimant is still in need of reasonable and necessary treatment. Continued treatment by David H. Strothman, M.D., and the Institute for Low Back and Neck Care shall be awarded in this decision.

ORDER

The following is ordered in addition to the orders contained in the review reopening decision of February 29, 2012:

1. Defendants shall reimburse claimant in the amount of seven thousand five hundred eleven and 53/100 dollars ($7,511.53) for his transportation expenses and eight thousand six hundred ninety-nine and 62/100 dollars ($8,699.62) for his out-of-pocket medical expenses. Defendants shall reimburse claimant's attorney the sum of three hundred dollars ($300.00) for his advancement of medical expenses. Defendants shall pay providers directly or hold claimant harmless from the remainder of the requested medical expenses of two hundred sixty-five thousand one hundred forty-one and 45/100 dollars ($265,141.45), including one thousand eight hundred eighty-eight and 80/100 dollars ($1,888.80) or any other any unpaid charges by Siouxland Surgery Center and seven hundred dollars ($700.00) and any other remaining charges by Dr. Fiala.

2. Defendants shall provide to claimant all future care and treatment modalities for his back condition recommended by David H. Strothman, M.D., and the Institute for Low Back and Neck Care.

Reinsbach submitted a proposed judgment, which states, in part:

THEREFORE, IT IS ORDERED, ADJU[D]GED, AND DECREED that the respondents shall provide William J. Reinsbach all future care and treatment modalities for his back recommended by David H. Strothman and the Institute for Low Back and Neck Care.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Great Lakes Cooperative and Nationwide Agribusiness, jointly and severally, shall authorize and pay for all future care and treatment modalities so recommended.

The employer argued entry of judgment was not appropriate because "the monetary portion of the award has been satisfied" but, in the event the court did

enter judgment for future medical treatment, the court "should construe the commissioner's decision in accordance with Iowa Code section 85.27, and order[ ] Respondents to provide all causally related, reasonable, and necessary care for Petitioner's 04/15/2005 work-related back condition."

On August 4, 2020, the district court entered judgment "pursuant to Iowa Code section 86.42 as follows":

> THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that, subject to the provisions of Iowa Code chapter 85, the Respondents shall provide Petitioner William J. Reinsbach all reasonable and necessary future care and treatment modalities for his back condition recommended by David H. Strothman, M.D., and the Institute for Low Back and Neck Care.
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondents Great Lakes Cooperative and Nationwide Agribusiness, jointly and severally, shall authorize and pay for all said reasonable and necessary future care and treatment modalities so recommended.
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the court costs of these Iowa Code Section 86.42 proceedings are taxed against the Respondents.

Reinsbach appeals.

**II. Standard of Review**

We review the permissible scope of a district court judgment under Iowa Code section 86.42 for errors of law. *See Rethamel v. Havey*, 679 N.W.2d 626, 628 (Iowa 2004) (*Rethamel I*).

**III. Discussion.**

Workers' compensation is "purely statutory." *Downs v. A & H Constr. Ltd.*, 481 N.W.2d 520, 527 (Iowa 1992). In reviewing workers' compensation claims, we are cognizant of "the underlying purpose of the workers' compensation statute—'to benefit workers and their dependents insofar as the statute permits.'"

*Heartland Specialty Foods v. Johnson*, 731 N.W.2d 397, 402 (Iowa Ct. App. 2007) (citation omitted).

Workers' compensation benefit determinations by the commissioner may be enforced via Iowa Code section 86.42, which provides:

> Any party in interest may present a file-stamped copy of an order or decision of the [workers' compensation] commissioner, . . . and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render a decree or judgment and cause the clerk to notify the parties. The decree or judgment . . . has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.

In *Rethamel I*, our supreme court observed "a district court is bound to enter judgment in conformance with the workers' compensation award." 679 N.W.2d at 628. Quoting a legal encyclopedia, the court stated, "*The court has no power to change the award, it cannot review, or reverse or modify the award, or construe the statute.* In rendering judgment thereon the court can construe the award." *Id.* (citation omitted). In that case, the supreme court concluded the district court had erred in taking additional evidence and expanding on the commissioner's award. *Id.* at 629.

The *Rethamel* case returned to the supreme court on the employer's appeal following remand, and the court again explored section 86.42 and the district's authority under that section. *Rethamel v. Havey*, 715 N.W.2d 263 (Iowa 2006) (*Rethamel II*).

> The district court's role at the time of entry of judgment is limited to "construing" the commissioner's decision. According to Black's Law Dictionary, "construe" means "[t]o analyze and explain the meaning of (a sentence or passage)." Therefore, the district court's role in entry of judgment is limited to analyzing and explaining the meaning of the commissioner's written award decision.

*Id.* at 266 (citations omitted).

Reinsbach contends the district court erred in entering judgment, objecting to phrases italicized here:

> THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that, *subject to the provisions of Iowa Code chapter 85*, the Respondents shall provide Petitioner William J. Reinsbach all *reasonable and necessary* future care and treatment modalities for his back condition recommended by David H. Strothman, M.D., and the Institute for Low Back and Neck Care.
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondents Great Lakes Cooperative and Nationwide Agribusiness, jointly and severally, shall authorize and pay for all said *reasonable and necessary* future care and treatment modalities so recommended.
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the court costs of these Iowa Code Section 86.42 proceedings are taxed against the Respondents.

Reinsbach contends the use of the words "subject to the provisions of Iowa Code chapter 85" creates ambiguity rather than meaning. As for the words "reasonable and necessary," he asserts they are "superfluous and create uncertainty."

The first assertion is puzzling inasmuch as all workers' compensation benefits are subject to the provisions of Iowa Code chapter 85. The addition did not create any ambiguity.

Concerning the claim the phrase "reasonable and necessary" is "superfluous," i.e., "[b]eing beyond what is required or sufficient,"[1] Reinsbach concedes the terms are implied by the commissioner's ruling. The commissioner's written award decision goes beyond implying the terms, specifically providing, "[B]y sustaining the finding the medical expenses to date are *reasonable and necessary*

---

[1] *Superfluous*, The American Heritage College Dictionary (4th ed. 2004).

*treatment of the work injury*, it follows that since claimant has not completed that treatment that claimant *is still in need of reasonable and necessary treatment*." The commissioner then ordered the employer "shall provide to claimant all future care and treatment modalities for his back condition recommended by David H. Strothman, M.D., and the Institute for Low Back and Neck Care."

Reinsbach's proposed judgment language copied the decretal language of the commissioner's ruling, but omitted the "reasonable and necessary" limitation recognized by the commissioner.[2]  "[T]he district court's role in entry of judgment is limited to analyzing and explaining the meaning of the commissioner's written award decision."  *Id.*  The language in the district court judgment properly construes the commissioner's written decision.  We therefore affirm.

**AFFIRMED.**

---

[2] Indeed, Reinsbach's proposed language might well be read to modify the commissioner's ruling by not recognizing the "reasonable and necessary" limitation.