STATE of Iowa, Appellee,

v.

Richard William McFARLAND,
Appellant.

No. 57225.

Supreme Court of Iowa.

Jan. 23, 1980.

R. Eugene Knopf, of Diehl, Clayton, Cleverley & Knopf, Newton, for appellant.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and Charles G. Neighbor, Jasper County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

This defendant appeals from his 1973 conviction of statutory rape in violation of section 698.1, The Code 1971. On appeal from the denial of a post-conviction petition, we granted him the right to a delayed direct appeal. His appeal presents two issues for consideration: (1) Was the reasonable doubt instruction sufficient, and (2) does the lack of a trial transcript deny him due process by depriving him of a full and fair appellate review of his trial?

A verdict of guilty was returned on May 16, 1973. There were no post-trial motions, and judgment of conviction was entered on June 4, 1973. Notice of appeal was filed that day, and the defendant remained free on appeal bond. The reporter became ill and was unable to prepare the transcript before his death. Since he was a shorthand reporter, no one else was able to transcribe his notes. On October 22, 1973, new counsel was appointed to continue defendant's appeal. There is no indication when efforts to provide an alternative record were undertaken. However, an affidavit was filed by his first appellate counsel on August 18, 1975, indicating that "the trial judge . . has been contacted and . . . has destroyed his notes from this case and could not be of any assistance in making a record on appeal." The affidavit also set out a one and one-half page summary of the proceedings prepared after a conversation with the trial counsel. The original appeal was dismissed on July 26, 1976, for failure to prosecute.

On September 14, 1976, the defendant filed a post-conviction petition. He noted the absence of any violations of the law during his three years on appeal bond, his steady employment and the fact that "[t]he prosecuting witness has now told the applicant that the crime was not committed on the night alleged" and asked "that the sentence imposed . . . be vacated and that the applicant be placed on probation

. . . ." The trial court ruled on October 13 that the petition did not allege a claim for post-conviction relief and that the court was without jurisdiction to alter the sentence. Mittimus was issued and the defendant was incarcerated in the Iowa State Penitentiary the next day.

The defendant filed a second post-conviction petition in 1977. It was on appeal from the denial of that petition that we granted him this delayed appeal. We stated that the record for appeal would be the summary of evidence prepared by his first appellate counsel, the trial papers "and any additions either party desires to make by way of bill of exceptions." No such bill was filed. This appeal is being conducted by a second appellate counsel. He indicated at oral argument that he had talked only to the first appellate counsel concerning the conduct of the trial.

The defendant is currently free on parole. Therefore, he asks not only for a reversal of his conviction but also, since he has already served his time, for expungement of his record.

■ I. *Reasonable doubt instruction.* The trial court instructed the jury that the State had the duty to "establish . . . beyond a reasonable doubt that the defendant committed [the] offense . . . ." It then instructed:

A reasonable doubt is one that fairly and naturally arises from the evidence or lack of State's evidence in the case.

If, after a full and fair consideration of all the evidence in the case, you are firmly and abidingly convinced of the defendant's guilt, then you may be said to have no reasonable doubt, and in such case, you should convict the defendant.

But if, after a full and fair consideration of all the evidence or lack of the State's evidence in the case, you are not abidingly and firmly convinced of the defendant's guilt, then you may be said to have a reasonable doubt, and in such case, you should acquit the defendant.

The appellant asserts that this definition was insufficient. The State counters that an entry in the docket sheet that the attorneys found the final draft of the instructions "satisfactory and unobjectionable" indicates that error was not preserved with respect to this issue. Due to the state of this record, we do not deem it appropriate to rely on the docket entry to establish the lack of an objection.

This instruction is adequate. In *State v. McGranahan,* 206 N.W.2d 88, 91 (Iowa 1977), we found inadequate an instruction which defined reasonable doubt as "just what it says, a doubt which is based upon reason." The deficiency of that instruction was that it did not set out a standard for measuring the reasonableness of the jurors' doubts. *Ibid.* at 91–92. We quoted with approval Iowa Uniform Jury Instruction 501.11 with its three distinct standards, one of which is substantially the one presented in this challenged instruction.

The instruction submitted to the jury set out an objective standard for measuring the jurors' doubts. It was not deficient for failing to provide more than one standard. "[N]o particular model or form is required in advising the jury concerning the meaning of reasonable doubt as long as a suitable standard is given." *State v. Finnegan,* 237 N.W.2d 459, 460 (Iowa 1976). Thus, appellant's contention with respect to this issue is without merit.

II. *Transcript.* Appellant asserts that the unavailability of a transcript through no fault of his own automatically entitles him to a reversal. Only one of the cases he cites supports his assertion. In *United States v. Atilus,* 425 F.2d 816 (5th Cir. 1970), defense counsel had failed to perfect an appeal despite the defendant's directions, and apparently the stenographic notes were destroyed; the court ruled that because "no transcript [was] available, the conviction must be reversed." No other cases cited by the appellant, including the one relied on by the Fifth Circuit Court of Appeals in *Atilus,* stand for that proposition. They all involve the right of an indigent to equal access to the appellate process; refusal by the government to provide indigents a sufficient transcript at public

expense was the basis for those decisions. *See Entsminger v. Iowa,* 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967) (equal protection); *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) (construction of federal statute); *Weaver v. Herrick,* 258 Iowa 796, 140 N.W.2d 178 (1966) (equal protection). What that line of cases requires is only "[a] 'record of sufficient completeness' to permit proper consideration of [indigents'] claims  .  .  .  [so as to] ensure  .  .  .  [them] a right to review of their convictions as adequate and effective as that which [is] guarantee[d] to nonindigents." *Draper v. Washington,* 372 U.S. 487, 499, 83 S.Ct. 774, 781, 9 L.Ed.2d 899, 907 (1963). This does not always require a complete transcript.

> Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript.

*Ibid.* at 495, 83 S.Ct. at 779, 9 L.Ed.2d at 905.

■ To adopt appellant's argument would have the effect of a presumption that error occurred at trial and would place the burden upon the State to disprove it. However, there is a presumption of regularity in trial proceedings. *State v. McKee,* 223 N.W.2d 204, 206 (Iowa 1974). We have never before been confronted with a situation where there was a total lack of a transcript. However, where a defendant asserted that an error occurred during unreported portions of the proceedings, we have held that the bill of exceptions was an adequate substitute for a transcript. *Ibid.; State v. Whitfield,* 212 N.W.2d 402, 407 (Iowa 1973). In *Whitfield* we ruled that it was not error for a trial judge to refuse to allow closing arguments to be reported because of the adequacy of this alternative to provide a record for appeal. *Ibid.*

■ The trial of this case was brief. The State's case consisted only of the testimony of the prosecuting witness and one corroborative witness. The defendant presented no evidence. The argument that the alternative record is inadequate is grounded on the fact that it reflects the recollection of defense counsel recorded quite some time after trial. There is some indication that it was apparent very early after trial that the reporter's notes might never be transcribed. If so, it was incumbent on defense counsel to act with dispatch in creating a record. A delay which could have been avoided provides a weak basis upon which to claim it is impossible to compile an adequate alternative record. We do not, however, base our determination on the ramifications of counsel's failure to act more expeditiously in developing the alternative record. Rather, our determination is based on the total absence of a showing that the record is inadequate. Appellate counsel argued that it is difficult for any attorney to remember all of the objections he made at trial. However, there has been no attempt to show by testimony of the defense counsel that he made objections which he cannot recall or that he considers his summary, albeit short, in any way incomplete.

The absence of a transcript did not deprive the defendant of a full and fair appellate review. Thus, its absence did not violate due process.

AFFIRMED.