**Fred KROHN, Appellee,**

v.

**STATE of Iowa and Iowa School for the Deaf, Appellants.**

No. 87–20.

Supreme Court of Iowa.

March 16, 1988.

Thomas J. Miller, Atty. Gen., and Charles S. Lavorato, Asst. Atty. Gen., for appellants.

Lyle A. Rodenburg, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

The State of Iowa and the Iowa School for the Deaf, a state agency, have appealed from an order of the district court refusing to set aside a money judgment entered on an award of the industrial commissioner pursuant to Iowa Code section 86.42 (1985).

Appellee, Fred Krohn, was a workers' compensation claimant in a review reopening proceeding. In deciding the claim, a deputy industrial commissioner determined in finding of fact number eleven that:

11. As a result of his injury, claimant incurred the following medical expenses:

| | |
|---|---|
| Max Olsen, M.D. | $ 596.00 |
| Medical Anesthesiologist | 693.00 |
| Behrouz Rassekh, M.D. | 2,025.00 |
| Jennie Edmundson Hospital | $5,837.63 |

The order which followed this finding of fact stated: "It is further ordered that defendants [appellants herein] pay the medical expenses set forth in paragraph 11 of the above findings of fact and reimburse claimant travel expenses in the amount of one hundred seventeen and 92/100 dollars ($117.92)." This order, dated March 31, 1986, became the final agency decision in the matter.

On October 29, 1986, upon Krohn's filing a certified copy of the deputy's order, the Iowa District Court for Pottawattamie County entered an ex parte money judgment in Krohn's favor against appellants for $9151.63 (the total of the sums contained in the deputy's finding of fact number eleven) plus interest. Upon receiving notice of this judgment, appellants moved to set it aside. The grounds of the motion included a claim that a workers' compensation claimant is not entitled to a money judgment for medical expenses unless seeking reimbursement for expenses which the claimant has personally satisfied. It was also asserted in the motion that the State had satisfied its obligation to Krohn through payments under an employer-provided, nonoccupational health insurance contract. Except for a reduction of the amount of interest included in the judgment, the motion was denied by the district court.

Our review of the language of the deputy's order convinces us that it was not intended to require the State to pay the enumerated medical and hospital expenses directly to the claimant. Rather, it orders the State to satisfy these obligations which arose from a work-related injury. That is consistent with the statutory scheme. An employer's obligation under Iowa Code section 85.27 (1985) is to "furnish reasonable surgical, medical, ... and hospital services and supplies and ... reasonably necessary transportation expenses incurred for such services."

The employer may satisfy its obligation to furnish such services by an arrangement to pay the suppliers directly. Consequently, Krohn was not entitled to be paid these

sums personally absent a showing that he himself had paid the suppliers, thus entitling him to reimbursement. *See Caylor v. Employers Mut. Casualty Co.*, 337 N.W.2d 890, 894 (Iowa App.1983). It appears from the record in the present case that the State had an arrangement for satisfying the medical and hospital expenses enumerated in the deputy's order through a group nonoccupational medical and hospitalization insurance plan. Pursuant to the procedure outlined in Iowa Code section 85.38(2) (1985), payments toward the enumerated medical and hospital expenses were made by the group carrier. The State later reimbursed the carrier for the amount of those payments.

Krohn urges that the State should not be permitted to satisfy its obligations for medical and hospital expenses through the credit device outlined in section 85.38(2). This contention is premised on his assertion that the State waived its right to do so by indicating in a prehearing report form that a section 85.38(2) credit was not involved. We do not believe that this circumstance serves to deny the State the benefit of the statutory credit. When an employer's obligation for medical and hospital services under the workers' compensation laws has been established, section 85.38(2) appears to provide a method by which the employer may act unilaterally to satisfy those liabilities.

The district court erred in converting the deputy's order into a money judgment. By so holding, we do not suggest that only orders requiring payment of money directly to the claimant may be entered as judgments of the district court under Iowa Code section 86.42 (1985). Other final orders of the industrial commissioner may be entered and enforced there "as though rendered in a suit duly heard and determined by the court." If a dispute exists between Krohn and the State about whether the suppliers of medical and hospital services enumerated in the deputy's order have been paid, Krohn may seek specific performance of that order in the district court

as to any amounts yet owing.[1] The judgment is reversed and the case remanded to the district court for an order vacating the money judgment against appellants.

REVERSED AND REMANDED.

---

1. The figures set forth in the State's motion to vacate judgment indicate payment by the group health care plan of $9103.23. The obligations fixed by the deputy's order total $9151.63.