In the Interest of T.V., A Child.

T.V., A Child, Appellant.

No. 96–258.

Supreme Court of Iowa.

May 21, 1997.

David F. Staudt of Staudt Law Office, Boone, for appellant.

Thomas J. Miller, Attorney General, Diane Stahle, Special Assistant Attorney General, Charles K. Phillips, Assistant Attorney General, and Ted Hovda, Assistant County Attorney, for appellee-State.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

T.V. was adjudicated a delinquent child after the juvenile court found he committed assault with intent to commit sexual abuse. After T.V. appealed, a new attorney was appointed to represent him. In his attempt to obtain a transcript, the attorney determined that the audio tapes that recorded the adjudicatory hearing were partially inaudible, and portions of the alleged victim's testimony were not recorded at all. T.V. claims that, even though we directed him to settle the content of the record by following the procedures in Iowa Rule of Appellate Procedure 10(c), he was unable to do so. He also claims we should dismiss the case or remand it for a new trial because the lack of an adequate transcript denies him the right to a meaningful appeal. We reverse and remand.

I. *Background Facts and Proceedings.*

In October 1995, the State filed a delinquency petition against thirteen-year-old

T.V., alleging he committed assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11 (1995). At the adjudicatory hearing in December, the four-year-old alleged victim testified that T.V. sexually abused her while baby-sitting. T.V. also testified, denying the allegations. Pursuant to Iowa Code section 232.41, which requires stenographic notes or mechanical or electronic recordings to be taken at all juvenile hearings unless waived by the parties, the hearing was recorded by audio tape.

The juvenile court entered an order, finding that the State proved beyond a reasonable doubt that T.V. committed the delinquent act. Following a dispositional hearing, the court entered another order, allowing T.V. to remain in the legal custody of his mother, subject to probation and supervision for one year. The court also ordered T.V. to participate in individual therapy and complete twenty-five hours of community service. T.V. filed a timely notice of appeal.

Attorney David Staudt was appointed to represent T.V. on appeal. In attempting to obtain a transcript from the adjudicatory hearing, Staudt discovered the tapes were inaudible in places, and a large portion of the alleged victim's testimony was never recorded. Staudt attempted to obtain a certified transcript of the hearing from a private shorthand reporter firm, but that firm refused to transcribe or certify the record based on the poor quality of the tapes. Because no official transcript could be created, Staudt had his secretary prepare an uncertified transcript from the tapes. The secretary was able to create a partial transcript, but it still had major omissions, including the alleged victim's testimony.

Because he believed no accurate transcript could be created, Staudt filed a motion to dismiss or remand the case. The State responded by agreeing with T.V.'s request to remand for a new trial. It objected, however, to any dismissal of the case. We denied the motion and directed the parties to follow the procedures for settling the content of the record set out in Iowa Rule of Appellate Procedure 10(c).

Staudt responded to our order by filing an affidavit from T.V.'s trial attorney. In the affidavit, T.V.'s attorney stated he did not have "sufficient independent recollection of the proceedings . . . to prepare a credible statement of the evidence or proceedings, . . . ." The State did not respond to the affidavit. Staudt also secured and filed a copy of the juvenile court judge's trial notes. Despite these efforts, T.V. failed to comply with our order to complete the record pursuant to rule 10(c).

## II. *Scope of Review.*

██ Iowa Code section 232.133 allows a juvenile to appeal a juvenile court order or decree. Our review of such proceedings is de novo. *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996).

## III. *T.V.'s Failure to Provide a Record.*

T.V. argues that he was unable to comply with rule 10(c) and that the case should be dismissed or remanded to the juvenile court because the lack of an adequate transcript denies him the right to a meaningful appeal. We agree.

### A. Compliance with Iowa Rule of Appellate Procedure 10(c).

██ Iowa Rule of Appellate Procedure 10(c) allows the parties to prepare a statement of the evidence or proceedings if a transcript is incomplete or unavailable. *See State v. Rademacher*, 433 N.W.2d 754, 759 (Iowa 1988); *Strong v. Rothamel*, 523 N.W.2d 597, 599 (Iowa App.1994). Rule 10(c) provides:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be filed with the clerk of the trial court and served on appellee within twenty days after the filing of the notice of appeal. Appellee may file with the clerk of the trial court and serve on appellant objections or proposed amendments to the statement within ten days after service of appellant's statement. Thereupon the statement and any objections or proposed amendments

shall be submitted to the trial court for settlement and approval and as settled and approved shall be included in the record on appeal.

■ By creating a statement, the parties have an opportunity to provide their own versions of what occurred at trial and, if there is disagreement, it can be settled by the court. *See Rademacher,* 433 N.W.2d at 759; *Strong,* 523 N.W.2d at 599. Once the reconstructed version of the evidence or proceedings is settled and approved by the court, it is included in the record on appeal. Iowa R.App. P. 10(c). Even though use of rule 10(c) is not mandatory, an appellant will not be entitled to a new trial or any other relief on appeal unless the appellant attempts to comply with the rule. *See State v. Mudra,* 532 N.W.2d 765, 767 (Iowa 1995). Further, under rule 10(c), appellee's only obligation is to prepare objections or proposed amendments to appellant's statement. If appellant does not prepare such a statement, appellee's obligation is not triggered.

We conclude T.V. attempted, but was unable, to prepare a rule 10(c) statement of the evidence or proceedings. Because Staudt did not represent T.V. at the adjudicatory hearing, he had no independent knowledge of the proceedings. Therefore, his best available method of complying with the rule was to obtain a statement from T.V.'s trial attorney. This did not work, however, because the trial attorney had an insufficient recollection of the hearing. Staudt also secured a transcript of the presiding judge's original trial notes. After examining the affidavit, the judge's notes, and the incomplete transcript prepared by his secretary, Staudt concluded that none of these provided him an adequate record from which to appeal.

Under these circumstances, we do not believe T.V. or Staudt should be penalized for not preparing a rule 10(c) statement. If Staudt had received any substantive information from the trial attorney, he could have filed a statement of the inaudible or unrecorded evidence. The State agrees that compliance with rule 10(c) was impossible. In its response to T.V.'s motion to dismiss or remand, the State stated that an adequate record of the adjudicatory hearing does not exist and cannot be created.

B. Whether Lack of Transcript Warrants Reversal.

■ Even though a complete transcript cannot be created, we must still determine whether this warrants a reversal. Unavailability of a transcript does not automatically entitle an appellant to a reversal. *State v. McFarland,* 287 N.W.2d 162, 163 (Iowa 1980). The entire transcript is not required if the record is sufficiently complete to permit full and fair appellate review. *Id.* at 164.

However, when appellate and trial counsel are different, the United States Supreme Court has emphasized the importance of appellate counsel having a complete trial transcript. *See Hardy v. United States,* 375 U.S. 277, 282, 84 S.Ct. 424, 428, 11 L.Ed.2d 331, 335–36 (1964). In *Hardy,* the concurring opinion discussed the importance of a complete transcript:

> [T]he most basic and fundamental tool of [an appellate advocate's] profession is the complete trial transcript, through which his trained fingers may leaf and his trained eyes may roam in search of an error, a lead to an error, or even a basis upon which to urge a change in an established and hitherto accepted principle of law. Anything short of a complete transcript is incompatible with effective appellate advocacy.

*Id.* at 288, 84 S.Ct. at 431, 11 L.Ed.2d at 339 (Goldberg, J., concurring). One court described the difficulties an appellate counsel encounters when the record or transcript is not complete:

> The attorney, [who is] present at trial, should be expected to be aware of any errors or improprieties which may have occurred during the portion of the proceedings not recorded. But when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice.... Often, ... even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded. In such a

case, to require new counsel to establish the irregularities that may have taken place would render illusory an appellant's right to notice plain errors or defects, and render merely technical his right to appeal.

*United States v. Selva,* 559 F.2d 1303, 1306 (5th Cir.1977) (citation omitted).

Here, through no fault of Staudt or T.V., Staudt was unable to review important portions of the record of the hearing. Further, he had no independent knowledge of trial events except as revealed by the incomplete, uncertified transcript. With these impediments, Staudt is unable to establish whether substantial evidence of guilt was presented during the inaudible or unrecorded portions of the adjudicatory hearing. Therefore, we conclude the unavailability of a complete transcript in this case entitles T.V. to a new hearing.

### IV. *Conclusion.*

We reverse the juvenile court's adjudication and disposition orders and remand for new adjudicatory and dispositional hearings.

**REVERSED AND REMANDED.**