# IN THE SUPREME COURT OF IOWA

No. 32 / 06–0400

Filed October 3, 2008


**SNAP-ON TOOLS CORPORATION**,

    Appellant,

vs.

**SANDRA K. SCHADENDORF**
f/k/a **SANDRA K. WEISHAAR**,

    Appellee.

---

Appeal from the Iowa District Court for Kossuth County, Don E. Courtney, Judge.


The employer appeals a decision wherein the district court entered judgment on a workers' compensation commissioner's decision and then failed to stay the enforcement of the judgment. **AFFIRMED.**


Michael S. Roling of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, Des Moines, for appellant.


Mark S. Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellee.

**WIGGINS, Justice.**

In this appeal, the employer claims the district court should not have entered judgment under Iowa Code section 86.42 (1999) on a workers' compensation decision awarding penalty benefits to the claimant. It further claims that if the district court did enter judgment, the district court should have stayed the entry of the judgment. Because we find the district court properly entered judgment under Iowa Code section 86.42, and the record does not allow us to review the court's denial of the stay, we affirm the judgment of the district court.

This case involves a dispute arising from the commissioner's award of $10,000 in penalty benefits to Sandra K. Schadendorf f/k/a Sandra K. Weishaar against her employer Snap-On Tools Corporation. While the petitions for judicial review were pending on the merits of the dispute, Schadendorf moved under section 86.42 to obtain a judgment in the district court for the $10,000 penalty benefit. Snap-On resisted the motion for judgment and moved to stay enforcement or execution of the commissioner's decision awarding penalty benefits. On March 1, 2006, the district court entered judgment and denied the motion for the stay. On March 6 Snap-On appealed the judgment entry and the denial of its motion to stay. On March 8 Snap-On posted a supersedeas bond to prevent execution of the judgment. Details of the facts and prior proceedings regarding this dispute are set out in our opinion affirming the workers' compensation commissioner's award of penalty benefits to Schadendorf. *Schadendorf v. Snap-On Tools Corp.,* 757 N.W.2d 330 (Iowa 2008).

To decide Snap-On's appeal regarding the judgment entry for the penalty benefits award we need to decide whether the district court should have entered judgment against Snap-On for the penalty benefit award made by the commissioner, and if the district court properly

entered the judgment, then we must decide whether the district court should have stayed the execution of the judgment it entered on the penalty benefit award.

## I. Whether the District Court Should Have Entered Judgment Against Snap-On for the Penalty Benefit Award Made by the Commissioner.

We review the district court's decision to enter judgment in favor of Schadendorf for errors at law. *Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 398 (Iowa 2008). The Code provides:

> Any party in interest may present a certified copy of an order or decision of the commissioner, from which a timely petition for judicial review has not been filed or if judicial review has been filed, which has not had execution or enforcement stayed as provided in section 17A.19, subsection 5, or an order or decision of a deputy commissioner from which a timely appeal has not been taken within the agency and which has become final by the passage of time as provided by rule and section 17A.15, or an agreement for settlement approved by the commissioner, and all papers in connection therewith, to the district court where judicial review of the agency action may be commenced. The court shall render a decree or judgment and cause the clerk to notify the parties. The decree or judgment, in the absence of a petition for judicial review or if judicial review has been commenced, in the absence of a stay of execution or enforcement of the decision or order of the workers' compensation commissioner, or in the absence of an act of any party which prevents a decision of a deputy workers' compensation commissioner from becoming final, has the same effect and in all proceedings in relation thereto is the same as though rendered in a suit duly heard and determined by the court.

Iowa Code § 86.42. Snap-On does not claim that Schadendorf's request for entry of a judgment did not meet the requirements of section 86.42 at the time the district court entered the judgment on the commissioner's decision. It argues because the court should have stayed the enforcement of the judgment, the court should not have entered the

judgment in the first place. This argument does not fit within the statutory scheme for the enforcement of a decision by the commissioner.

When a party requesting judgment has met all the conditions of section 86.42, the district court is required to enter the judgment in favor of the party requesting judgment. *Rethamel v. Havey*, 679 N.W.2d 626, 628 (Iowa 2004). Therefore, the court was correct in entering the judgment as requested by Schadendorf.

**II. Whether the District Court Should Have Stayed the Execution of the Judgment it Entered on the Penalty Benefit Award.**

Snap-On claims section 17A.19(5) is not applicable to the district court when the court determines whether to grant a stay involving a monetary award made by the workers' compensation commissioner. We disagree.

Chapter 17A governs a petition for judicial review of a contested case proceeding unless specifically excluded from chapter 17A. Iowa Code § 17A.1(2). There is no provision in the workers' compensation statutes excluding decisions of the workers' compensation commissioner from review under chapter 17A or from the constraints of section 17A.19(5). *See generally id.* § 86.26 (providing for judicial review of commissioner's decisions "in accordance with chapter 17A"). Accordingly, to resolve this issue we need to decide whether the court should have stayed the enforcement of the judgment under section 17A.19(5). *See Grinnell Coll.*, 751 N.W.2d at 397–98, 401–02 (applying a section 17A.19(5) analysis in deciding whether the district court should have stayed a monetary award made by the workers' compensation commissioner).

The district court's ruling on a motion to stay the enforcement of a judgment under section 17A.19(5) is reviewed for an abuse of discretion.

*Id.* at 398. To determine whether a stay should be entered, the court must consider and balance the following factors:

> (1) The extent to which the applicant is likely to prevail when the court finally disposes of the matter.
>
> (2) The extent to which the applicant will suffer irreparable injury if relief is not granted.
>
> (3) The extent to which the grant of relief to the applicant will substantially harm other parties to the proceedings.
>
> (4) The extent to which the public interest relied on by the agency is sufficient to justify the agency's action in the circumstances.

Iowa Code § 17A.19(5)(*c*) (1999 Supp.). It is the applicant's burden to present evidence establishing the prerequisites for the stay. *Grinnell Coll.*, 751 N.W.2d at 403.

In its ruling denying the stay, the district court states it held a telephonic hearing on the issuance of a stay. Snap-On, the appellant, has failed to provide us with a transcript of the proceeding or a statement of evidence under Iowa Rule of Appellate Procedure 6.10(3). In order for us to determine whether the district court abused its discretion in not granting the stay, Snap-On is required to provide a record showing why the court abused its discretion. *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Without such a record we will not speculate as to what proof was offered in support of the stay. *Id.* Thus, we must affirm the decision of the district court denying the stay because Snap-On has failed to present us with a proper record to review.

### III. Disposition.

Because the district court properly entered judgment under Iowa Code section 86.42, and the record does not allow us to review the court's denial of a stay, we affirm the judgment of the district court.

### AFFIRMED.

All justices concur except Baker, J., who takes no part.