# IN THE COURT OF APPEALS OF IOWA

No. 4-066 / 13-1416
Filed April 16, 2014

**FRANCIS E. KOLLASCH,**
    Petitioner-Appellant,

**vs.**

**HORMEL FOODS,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Richard Blane II, Judge.

Francis E. Kollasch appeals the district court order entering judgment on a workers' compensation settlement agreement. **AFFIRMED.**

Mark Soldat of Soldat & Parrish-Sams, P.L.C., West Des Moines, for appellant.

Valerie Ann Landis of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

Francis E. Kollasch appeals the district court order entering judgment on a workers' compensation settlement agreement. Kollasch claims the district court failed to convert the language agreed upon by the parties into a judgment and exceeded its jurisdiction by modifying the language of the agreement. Kollasch also claims the district court erred by failing to assess court costs. We find the district court properly construed the language of the agreement. We also affirm the district court's decision not to assess court costs to Hormel Foods.

## I. Background Facts and Proceedings

On January 22, 2013, Francis Kollasch filed a worker's compensation settlement agreement for conversion to judgment. Included were two agreements and a letter incorporated into the second agreement. Kollasch submitted a proposed order on April 29, 2013, which Hormel requested be set for a hearing. At the hearing Kollasch objected to the introduction of what he believed to be extrinsic evidence, consideration of which would take the district court beyond its ministerial role required by the statute.

In its ruling of August 13, 2013, the court summarized the parties' positions regarding disagreements about the meaning of several key terms of the agreement. Specifically, the district court construed the terms regarding reimbursement due Kollasch for trips to a pharmacy and entered a money judgment for several previous trips.

Kollasch filed a motion to reconsider objecting to the district court's findings of fact. Kollasch claimed the court's findings were not allowed in this

type of proceeding and the district court improperly considered parole evidence, entered a money judgment not sought by Kollasch, failed to tax costs, and failed to adopt the proposed judgment.

In the ruling on Kollasch's motion to reconsider, the district court clarified there was no intention to make findings of fact but instead an attempt to summarize the positions of the parties. The district court also explained it had not departed from the language of the settlement, but rather construed the language as allowed by law. The court additionally rejected Kollasch's claim concerning parole evidence, finding the evidence had not been used to modify the settlement but rather to understand it and render a judgment. Finally, the district court agreed it had not issued the judgment or assessed costs, finding Kollasch's requested judgment would be contrary to the agreement.

## II. Standard of Review

We review the district court's decision to enter a judgment in favor of Kollasch for errors at law. *Snap-On Tools Corp. v. Schadendorf*, 757 N.W.2d 339, 341 (Iowa 2008).

## III. Discussion

Though presented as one, Kollasch raises four distinct claims regarding the district court ruling. First, he contends the district court should not have entered findings of fact. Second, he contends the district court improperly determined the term "reimburse" and should not have limited reimbursement for travel expenses to a single pharmacy. Third, he contends the district court should not have issued a money judgment regarding expenses already incurred

for travel to the pharmacy. Finally, he contends court costs should have been assessed.

The outcome of this case centers upon the proper application of section 86.42 of the Iowa Code, a section that has rarely been the subject of discussion by the appellate courts of this state. Iowa Code § 86.42 (2011). When a party satisfies all of the requirements in section 86.42, the district court is required to enter a judgment in that party's favor. *Schadendorf*, 757 N.W.2d at 341. There is no argument Kollasch was entitled to entry of a judgment, but rather the arguments are based upon the proper role of the district court.

Although a district court may not enter findings of fact in this type of proceeding, we find no error in the "background" portion of the district court ruling. *See Rethamel v. Havey*, 679 N.W.2d 626, 628 (Iowa 2004). The district court did not, in this portion of the ruling, consider and resolve any factual disputes. Rather, the court summarized the conflicting positions of the parties and summarized them to provide context for the analysis that followed. The district court did not err in explaining the disputes requiring the agreement to be interpreted elsewhere in the ruling.

### A. Construing the Agreement

Kollasch contends the district court erred in determining the meaning of two terms in the settlement agreements: "the pharmacy" and "reimburse." Our supreme court has examined section 86.42 and found district courts must enter a judgment in conformance with the workers' compensation award. *Id.* "The court has no power to change the award, it cannot review, or reverse or modify the

award, or construe the statute. In rendering judgment thereon the court can construe the award." *Id.* (citations omitted). The district court's carefully defined role is to explain the meaning of the terms of the award without overstepping by reviewing, reversing, or modifying the award. Where the district court merely explains what is found in the award as approved by the workers' compensation commissioner, but does not alter the terms of the award, there is no error. As otherwise stated by our supreme court, the district court may construe the award, but may not expand upon it. *Id.* at 629. The same is true for settlement agreements. *See Sauter v. Cedar Rapids & I.C. Ry.*, 214 N.W. 707 (Iowa 1927) ("This court finds no provision in the Workmen's Compensation Act . . . which authorizes the lower court to enter judgment against an employer upon a memorandum of settlement which is not in strict accordance with the terms and conditions therein.").

"According to Black's Law Dictionary, "construe" means "[t]o analyze and explain the meaning of (a sentence or passage)." *Black's Law Dictionary* 333 (8th ed. 2004). Therefore, the district court's role in entry of judgment is limited to analyzing and explaining the meaning of the commissioner's written award decision." *Rethamel*, 715 N.W.2d at 266. The district court attempted to construe two portions of the settlement agreement. The agreement states "[f]or future trips to *the pharmacy*, Hormel shall continue to *reimburse* claimant for 17 miles/trip when the travel is incident to work in Algona and 87 miles when the travel is from claimant's Bancroft residence." (Emphasis added). The terms "the

pharmacy" and "reimburse" are the terms that were explained by the district court.

Regarding the pharmacy, the district court focused on use of the definitive article indicating a particular pharmacy was contemplated by the parties. Although the court relied, in part, upon an attached letter to determine the particular pharmacy being used, we agree with the ultimate conclusion. The parties' decision to define "the pharmacy" as opposed to "a pharmacy" indicates a particular pharmacy was contemplated by both sides. The court did not expand upon the agreement, but construed its terms to give them an ordinary and reasonable meaning.

The situation is similar as to the consideration of the term "reimburse." The term can only mean repayment of a cost incurred, as stated by the district court. Reaching this conclusion is not an addition to the agreement, but an expression of the meaning of the terms contained within it. The specific mileage schedule found in the agreement is also reasonably construed as the maximum possible payout, particularly when considered in conjunction with the reimbursement language.

**B.    Money Judgment**

Kollasch contends the district court erred in converting already incurred post-settlement mileage to a money judgment. Kollasch primarily relies upon *Krohn v. State*, 420 N.W.2d 463 (Iowa 1998) to support his position. The reasons for Kollasch's objections on this point are unclear.

In *Krohn*, our supreme court rejected a similar judgment by the district court where reimbursement could be made to more than one party through more than one payment device. 420 N.W.2d at 465. This is not such a case. The reimbursement in this case is for mileage incurred by Kollasch and no one else. No other party could incur the mileage or be responsible for the cost, except Kollasch himself. We find the district court did not err in converting this owed expense to a judgment.

**C. Court Costs**

Kollasch contends the district court erred by refusing to assess court costs to Hormel. He cites no authority that would support his position the district court abused its discretion. We find the district court did not commit error by refusing to assess court costs to Hormel.

**AFFIRMED.**