**IN THE COURT OF APPEALS OF IOWA**

No. 16-2002
Filed February 22, 2017

**IN THE INTEREST OF B.B.,**
**Minor child,**

**D.B., Father,**
 Appellant.

_____

 Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.


 Father appeals from a dispositional order entered pursuant to Iowa Code chapter 232 (2016). **AFFIRMED.**


 Bryan J. Tingle of Tingle Law Office, Des Moines, for appellant father.

 Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.


 Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The child at issue, B.B., was removed from his parents in February 2016 and adjudicated in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) (2016) in June 2016. Following a dispositional hearing, the juvenile court ordered temporary legal custody of the child remain with the department of human services for family foster care. Doug, the father of B.B., appeals the adjudication and dispositional orders.

We review child-in-need-of-assistance proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). "Although our review is de novo, we do afford the decision of the district court deference for policy reasons." *State v. Snow*, No. 15-0929, 2016 WL 4801353, at *1 (Iowa Ct. App. Sept. 14, 2016). We will uphold an adjudicatory order only if there is clear and convincing evidence supporting the statutory grounds cited by the juvenile court. *See* Iowa Code § 232.96(2); *D.D.*, 653 N.W.2d at 361. Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions of law drawn from the evidence. *See D.D.*, 653 N.W.2d at 361.

Doug challenges the adjudication order in two respects. First, he contends the State failed to prove the ground for adjudication by clear and convincing evidence. Second, he contends the juvenile court should have placed B.B. in his care. We are unable to grant relief on either claim. There is no record of the adjudication hearing, nor has there been an attempt to reconstruct the record.

> The rules of appellate procedure require that if the "appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Iowa R. App. P. 6.10(2)(c). It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon. *State v. Ludwig*, 305 N.W.2d 511, 513 (Iowa 1981). The court may not speculate as to what took place or predicate error on such speculation.
>
> Without the benefit of a full record of the lower courts' proceedings, it is improvident for us to exercise appellate review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Rule 6.10(3) allows an appellant the chance to have a record on appeal when the lower court does not report or record the proceedings. F.W.S.'s failure to comply with rule 6.10(3) precludes him from seeking relief on appeal. *In re T.V.*, 563 N.W.2d 612, 614 (Iowa 1997). Therefore, we must affirm the decision of the district court because F.W.S. has failed to present a proper record on appeal.

*In re F.W.S.*, 698 N.W.2d 134, 135-36 (Iowa 2005).

We do address the merits of Doug's challenge to the dispositional order. Following a dispositional hearing, Iowa courts are required to "make the least restrictive disposition appropriate considering all the circumstances of the case." Iowa Code § 232.99(4). The code sets forth possible dispositions in sections 232.100 through 232.102, from least restrictive to most restrictive. Suspending judgment is the least restrictive alternative. *See* Iowa Code § 232.100. Where there is a suspended judgment, the child remains with the parent. *See State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 615 (Iowa 2013). Transfer of legal custody and placement away from the parent is the most restrictive. *See* Iowa Code § 232.102.

Our court has concluded that, until the parent can establish the ability to parent the child safely, the least restrictive disposition is for the child to be placed with others. *See In re L.F.*, No. 13-1409, 2013 WL 5949653, at *4–5 (Iowa Ct.

App. Nov. 6, 2013) (affirming dispositional order placing child outside home where evidence established child abuse, mother undoubtedly lied about the child abuse, and mother recruited child's sibling to take responsibility for injury); *In re J.C.*, No. 13-1957, 2013 WL 3291867, at *3 (Iowa Ct. App. June 26, 2013) (affirming dispositional order placing child with another where mother failed to demonstrate the ability to safely care for the child); *In re M.O.*, No. 06-0405, 2006 WL 1280481, at *2 (Iowa Ct. App. May 10, 2006) (affirming juvenile court order of continued placement with another where mother had substantially addressed mental health and parenting issues but record reflected she had not yet completed all remedial services intended to improve her parenting skills).

Doug contends the juvenile court should have placed the child in his care as the least restrictive alternative. On de novo review, we disagree. The record reflects, at the time of the dispositional hearing, the father had not yet addressed several issues giving rise to appreciable risk of harm to the child. The father was making progress in his therapy, but he had not sufficiently addressed his aggressive and controlling behavior and inability to draw boundaries and avoid unhealthy relationships. The father has a history of domestic violence with the mother of the child, including reports during the pendency of this case that he struck the mother and caused her to have two black eyes. The father recently dropped a no-contact order against his ex-wife and commenced a relationship of some type with her. He sought and continues to seek for his ex-wife to have a relationship with the child. However, it is not disputed the ex-wife stabbed Doug in an attempt to kill him. It is also not disputed that the ex-wife exposed their child, who is older than B.B. and not at issue in this proceeding, to drugs and

violence.  While Doug continues to make progress in accord with the case plan, we conclude continued placement of the child in family foster care was the least restrictive alternative.

**AFFIRMED.**