# In the Iowa Supreme Court

No. 24–1015

Submitted February 18, 2026—Filed April 3, 2026

In re the marriage of **Johnathon Sprague** and **Lanora Sprague.**

Upon the petition of **Johnathon Sprague,**

Appellant,

and concerning **Lanora Sprague,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, John Telleen, judge.

The respondent seeks further review of the court of appeals decision reversing the district court's grant of her motion to enforce the parties' settlement agreement. **Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined except Oxley, J., who filed a dissenting opinion.

Robert S. Gallagher and Peter G. Gierut (until withdrawal) of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for appellant.

Jennie L. Clausen of H.J. Dane Law Office, Davenport, for appellee.

Brad Bonner of Iowa Legal, PLC, Denison, for amicus curiae Reforging Families.

**Christensen, Chief Justice.**

A successful appeal begins at the trial level by creating a record of the proceedings for us to review. The appellant's failure to do that here is fatal to his claim that the district court erred in granting the appellee's motion to enforce the parties' settlement. Because we can neither verify nor refute either party's version of events, we vacate the court of appeals decision to remand for an ancillary trial on the issue of whether the parties had reached a settlement. We affirm the district court's order to enforce the settlement. We also grant the appellee's request for appellate attorney fees because she was forced to defend the district court's ruling for an appeal that we could not consider on the merits due to the appellant's failure to follow our appellate rules.

## I. Background Facts and Proceedings.

Johnathon (John) and Lanora Sprague became parents to three children before their divorce in 2017. They entered into a stipulation and agreement to resolve the dissolution proceeding, which included joint legal custody and joint physical care of the children. The district court incorporated this stipulation of settlement into the dissolution decree.

In 2022, Lanora filed a petition to modify the custody and physical care provisions of the decree, citing a substantial change in circumstances due to the parents' frequent inability to effectively communicate and resolve issues. On August 30, 2023, the day of the modification trial, John and Lanora believed they reached a verbal settlement agreement but did not reduce it to writing or read it into the record. Part of the agreement was to be bound by the district court's ruling on where the children would attend junior high, which the district

court ruled on that day.[1] Believing their issues were resolved, the parties did not proceed to trial and intended to reduce their agreement to writing on a later date.

John sent Lanora a draft settlement on September 6, 2023. This was the first draft of the settlement exchanged between the parties. Believing this draft was missing portions of the agreement, Lanora revised the draft and sent her version of the settlement to John on October 5. Lanora unsuccessfully attempted to follow up in writing, phone calls, and personal discussions with John.

On March 6, 2024, Lanora filed a "Motion to Enforce Settlement." She attached that draft of the settlement as an exhibit, along with the October 5 email to John that included the settlement, which explained,

> We removed any provisions that were not specifically discussed at the courthouse as there was no agreement to inclusion of those provisions, i.e. parenting plan guidelines, mediation references, summer references, holidays changing weekends, and after school care language. There were also significant changes to some of the provisions that were agreed upon (and were primarily referenced correctly in your initial draft) as it pertained to the transportation, early out Wednesdays, and extra-curricular activity agreement. Finally, we added several provisions that were discussed and agreed upon but inadvertently excluded, i.e. post-secondary, appointment rescheduling, and visitation at Lanora's discretion.

The motion did not use the term "summary judgment" or cite Iowa Rule of Civil Procedure 1.981, which governs summary judgment. Instead, it advocated for the district court to "accept the Stipulation Regarding Modification of Decree, evaluate it as it would any other stipulation, accept, approve, and adopt [the] same and enter an Order modifying the parties' Decree of Dissolution of Marriage accordingly pursuant to the terms of the Settlement."

John resisted the motion, alleging that Lanora's proposed settlement removed "certain agreed provisions" involving transportation to school and the

---

[1]The parties do not dispute this ruling on appeal.

children's participation in extracurricular activities "that were discussed at the settlement conference." His resistance did not characterize Lanora's motion as one for summary judgment. Nor did it cite rule 1.981, use the term "summary judgment," or include "a memorandum of authorities supporting the resistance" as is required to resist a motion for summary judgment under Iowa Rule of Civil Procedure 1.981(3).

The district court scheduled a "Hearing on the Motion to Enforce," which occurred on May 15, but was not reported or recorded. The judge who presided over this hearing was the same judge who was scheduled to preside at the modification trial and who ruled on the children's junior high school district when the parties agreed to be bound by their verbal settlement. The district court subsequently filed a written ruling to enforce the settlement, ordering the parties to sign and execute the written agreement that Lanora had drafted and attached to her motion. Like the parties, the district court also did not mention rule 1.981 or use the term "summary judgment."

In its order, the district court recalled its prior involvement in the parties' disputes and reported that the settlement attached to Lanora's motion to enforce "is an accurate recitation of the parties' settlement agreement and must be enforced." It also concluded that "the provisions referenced in [John's] resistance to the motion to enforce were not the agreements reached by the parties." John appealed, and we transferred the case to the court of appeals.

A split panel of the court of appeals reversed the district court's order, concluding that the parties' filings and the district court's resolution "are consistent with" summary judgment procedures, and "the parties' positions on appeal are consistent with summary judgment standards." Finding that Lanora failed to demonstrate the absence of a material factual dispute, it remanded for

an ancillary trial on the issue of whether the parties had reached a settlement agreement and, if so, the terms of such agreement. One dissenting judge would have affirmed the district court's dismissal based on John's failure to provide a record of the hearing on appeal. We granted Lanora's application for further review.

## II. Analysis

John argues that the district court erred in concluding that there was no material fact at issue in the parties' settlement, claiming that the district court never heard evidence or testimony at the unreported hearing on Lanora's motion to enforce before granting it. The problem with John's argument is twofold. First, despite John's framing of this case on appeal as a dispute over material facts, our limited record does not support concluding that the parties treated this matter through the lens of summary judgment.

As noted above, neither John nor Lanora mentioned Iowa Rule of Civil Procedure 1.981 or used the term "summary judgment" in their filings concerning the settlement's enforcement below. John's first and only mention of "summary judgment" is in declaring in his appellate brief that that we "should apply the standards applicable to motions for summary judgment on review of a Ruling on Motion to Enforce Settlement."

Further, by all appearances, the district court conducted the hearing on the motion in person as though it were a bench trial. *See Recio v. Fridley*, 30 N.W.3d 532, 535–37 (Iowa 2025) (discussing the procedural history involved in concluding that a district court's order to enforce a settlement was not resolved by summary judgment). As best as we can tell, both sides offered their version of the settlement that was reached in the presence of the district court judge at their August 30, 2023 settlement conference, and the district court acted as

factfinder in its ruling to decide that Lanora's settlement was "an accurate recitation of the parties' settlement agreement." John never filed a motion to reconsider citing rule 1.981. And other than his disputed claim on appeal that he asked the district court to set Lanora's motion for an evidentiary hearing, the record suggests that John consented to a bench trial to ascertain and enforce the terms of the settlement.[2] "So, in function—and in form—the district court's hearing on the motion to enforce the settlement was a bench trial," and "[t]he district court's factual findings are binding on appeal if supported by substantial evidence." *Id.* at 538.

This brings us to the second and fatal problem with John's appeal, which is that we have no record of what occurred during that hearing to discern whether substantial evidence supports the district court's factual findings. Under our rules of appellate procedure, it is John's responsibility as the appellant "to ensure that the transcripts of any district court proceeding needed for resolution of the appeal are included in the record." Iowa R. App. P. 6.803(1); *see also In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) ("It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon.").

Our rules also provide a substitute for unreported hearings, "permit[ting] a party to file a statement describing the evidence 'prepared from the best available means, including the party's recollection,' with the opposing party permitted to file objections or proposed amendments to the other party's statement within ten days." *State v. Brown,* 16 N.W.3d 484, 487 (Iowa 2025) (quoting Iowa R. App. P. 6.806(1)). The district court must subsequently settle

---

[2]Frankly, we question what additional evidence or testimony the parties could have presented, as the only witness besides their attorneys to the settlement that was reached on August 30, 2023, appears to be the district court judge himself.

any discrepancies or objections and approve a final version of the statement. *Id.*; *see also* Iowa R. App. P. 6.806(3). John did not take advantage of this process to create a record of the hearing on appeal, and as the appellee, Lanora's "only obligation [was] to prepare objections or proposed amendments to [John's] statement" *if* he chose to prepare one to complete the record on appeal. *In re T.V.*, 563 N.W.2d 612, 614 (Iowa 1997); *see also* Iowa R. App. P. 6.806(2). Thus, she had no obligation here.

Regardless of what the parties claim occurred in their appellate briefs, we "will not consider facts for which there is no record support." *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 3 (Iowa 2005). Nor will we "speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d at 135; *cf. In re Marriage of Ricklefs*, 726 N.W.2d 359, 362 (Iowa 2007) ("[T]he lack of a record regarding [the district court's] statements precludes us and should have precluded the court of appeals from deciding this issue."). All we are left with to rely on is the district court's written ruling "that the provisions referenced in [John's] resistance to the motion to enforce were not the agreements reached by the parties." That "is not a substitute for the required appellate record." *Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007).

In sum, nothing in the record tells us what happened at the hearing. We do not know what, if any, evidence or testimony was offered, what arguments the parties made or conceded, or whether the district court made credibility findings about John or Lanora. Notably, Lanora's appellate brief claims that John is making a different argument on appeal than the one he made before the district court. She alleges that John never requested to call witnesses or submit certain evidence despite his complaint on appeal that the district court never heard evidence or testimony before granting Lanora's motion. Again, we have no

way of knowing the validity of these claims because John failed to provide us with a proper record. Therefore, we cannot conclude that the district court erred in granting Lanora's motion to enforce the settlement.

We have repeatedly held that the consequence of an appellant's failure to provide a proper record on appeal is affirmance of the district court ruling so long as it is not fundamentally erroneous on its face. *See, e.g., Mumm v. Jennie Edmundson Mem'l Hosp.,* 924 N.W.2d 512, 520 (Iowa 2019) (holding the appellant's failure to provide a record of her challenge to the district court's refusal to answer a jury question required affirming the district court judgment); *Estes v. Progressive Classic Ins.,* 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment."); *Iowa Land Title Ass'n v. Iowa Fin. Auth.,* 771 N.W.2d 399, 404 (Iowa 2009) ("The association failed to provide the district court or this court with the agency record; therefore, we must affirm the agency on the substantial evidence issue."); *Snap–On Tools Corp. v. Schadendorf,* 757 N.W.2d 339, 342 (Iowa 2008) ("Because the . . . record does not allow us to review the court's denial of a stay, we affirm the judgment of the district court."); *Smith,* 729 N.W.2d at 827; *Alvarez,* 696 N.W.2d at 3–4; *In re F.W.S.,* 698 N.W.2d at 135; *In re T.V.,* 563 N.W.2d at 614 ("[A]n appellant will not be entitled to a new trial or any other relief on appeal unless the appellant attempts to comply with the rule [to prepare a statement if a transcript is unavailable]."); *State v. Scott,* 136 N.W. 132, 132 (Iowa 1912) (per curiam) (holding that the record of a condensed transcript that only provided the indictment, plea, and sentence required affirming the district court's judgment). This case is no different. We affirm the district court's ruling to enforce the settlement.

Likewise, we grant Lanora's request for $2,678.00 in appellate attorney fees. *See* Iowa Code § 598.36 (2024) (authorizing us to award attorney fees to the prevailing party in a modification action). Although both parties have the respective ability to pay, which is our primary consideration, Lanora was forced to defend the district court's decision in an appeal that we ultimately could not examine on the merits because John failed to provide the necessary record on appeal. *See In re Marriage of Michael,* 839 N.W.2d 630, 639 (Iowa 2013) (noting that the parties' ability to pay is our controlling consideration, but we also consider whether a party had to defend the district court's decision on appeal).

**III. Conclusion.**

For these reasons, we vacate the decision of the court of appeals and affirm the district court's order granting Lanora's motion to enforce the settlement. We also award Lanora her requested $2,678.00 in appellate attorney fees.

**Decision of Court of Appeals Vacated; District Court Judgment Affirmed.**

All justices concur except Oxley, J., who files a dissenting opinion.

**Oxley, Justice (dissenting).**

For the second time this term, we are missing the opportunity to, as the amicus brief put it, "provid[e] bright-line rules and best practices for judicial officers and attorneys when dealing with stipulated agreements in a manner that is fair to all participants while avoiding unnecessary conflict." Instead, the majority doubles down on the obscure methodology recently endorsed in *Recio v. Fridley*, 30 N.W.3d 532 (Iowa 2025), to conclude that the district court acted as the factfinder in a bench trial even though no one—not Lanora, not John, and not the district court—considered the in-chambers hearing as such.

Settlements are an important mechanism for dispensing with litigation. *See id.* at 539 ("The law favors settlements." (quoting *McNeal v. Wapello County*, 985 N.W.2d 484, 491 (Iowa 2023))). But they are still contracts that must be proved up, just like any other contract. *See id.* The onus should be on the party seeking relief to identify the process she is invoking. There is no reason to allow parties to file vague motions and participate in undefined hearings but then wait until the appeal to determine whether the hearing was a summary judgment proceeding or a bench trial. This is especially true when the moving party doesn't even make that argument on appeal and the nonmoving party is dinged for not providing a record of the proceeding. We don't allow that for other types of motions, and we shouldn't allow it when seeking to enforce a settlement.

As to the lack of a record of the hearing proceeding, that would be problematic if evidence was taken. But it wasn't. This case makes clear that the majority's continued endorsement of the process articulated in *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92 (Iowa Ct. App. 1995), for considering undefined motions to compel settlement agreements is unworkable.

*See Recio,* 30 N.W.3d at 541 (Oxley, J., dissenting) ("Litigation is not a game of gotcha."). More importantly, it's unnecessary. There's an easy fix: the party moving to enforce the disputed settlement must pick a path in district court—seek summary enforcement or ask the district court to resolve questions of fact in a bench trial.

Instead, the majority leaves district courts at sea in their efforts to enforce disputed settlement agreements. And appellate courts will continue to engage in guesswork after the fact about which procedure the ambiguous proceedings more closely resembled. I respectfully dissent.

I.

The majority is correct that Lanora's motion does not cite rule 1.981 or use the phrase "summary judgment." Indeed, it cites no rule at all. Nor does the motion ask the district court to settle any factual disputes. Rather, it expressly says: "There is *no dispute* that the terms set forth in the attached Stipulation ARE the terms that were agreed upon by the parties." (Emphasis added.) Even if not styled as a motion for summary judgment, these words invoked that procedure. *See id.* at 545 ("As any law student understands after taking civil procedure, these are words of summary judgment."). Three hours after the motion was filed, an order was filed setting it "for hearing." The district court order doesn't say what kind of hearing. It certainly doesn't say it was set "for a bench trial."

John filed a resistance to the motion. He identified provisions from his version of the settlement agreement that Lanora sought to remove. He explained the importance of the transportation dispute in light of their agreement to send the children to high school in Lanora's school district. And he explained the parties' differences about extracurricular activities. He also claimed that the

disputed provisions were discussed during their settlement conference. He asked the district court to deny the motion to enforce and allow the case to be set for trial on the remaining disputed issues. This, too, is the process used for summary judgment. *See* Iowa R. Civ. P. 1.981(3).

The district court held an in-chambers hearing. It was not reported. According to its subsequent order, "[t]he Court . . . reviewed the Motion to Enforce Settlement and the Resistance and . . . considered the arguments of counsel." No mention of taking evidence. No mention of hearing testimony from the parties. No exhibits were entered into the district court docket.

On appeal, John's appellant brief cited *Wende* and argued that he "articulated his factual disputes" to the district court in his resistance. Lanora does not disagree. In her responsive appellee brief, Lanora did not argue that she asked for a bench trial or for the district court to decide any disputed facts. Rather, Lanora claimed that John's asserted disputes were over new items that he added in his second draft of the stipulation. Her version, she argued, was consistent with John's first draft, so there were no *material* disputed facts, and the district court properly granted her motion to enforce the settlement. She didn't cite *Wende*, let alone argue that John was wrong to characterize the proceeding as one for summary judgment. And even on further review after the court of appeals concluded that fact disputes required further proceedings, Lanora repeats: "The Judge could see based upon his own review at the hearing on the Motion to Enforce Settlement *that the alleged material disputed facts* were not actually contained within the initial draft stipulation prepared by Johnathon's counsel. Those *alleged material disputed facts were later added* in a second draft provided to Lanora's counsel on September 21, 2023." (Emphasis added.) Lanora's position throughout the appeal has been that John's

first draft was consistent with her draft with respect to transportation and extracurricular issues, so any new disputes in John's second version are not material to the original settlement.

The district court proceeding was not the bench trial identified in *Wende* as the alternative to a summary judgment proceeding. It was a fight about whether John's second draft added new terms that were not part of the stipulated agreement on the first day of trial. Even under the *Wende* framework, the hearing was—as the court of appeals properly recognized—treated as a summary judgment proceeding. We should not short-circuit our procedural rules.

Rather, we should take this opportunity to clarify for the bench and the bar that motions to enforce settlement agreements are to be handled within the confines of our rules. If a party seeks summary enforcement on the basis of undisputed facts, it should be treated as a motion for summary judgment under rule 1.981. If disputes exist, the motion must be denied. *See Recio*, 30 N.W.3d at 543 (Oxley, J., dissenting) ("If genuine issues of fact are presented, the district court does not settle the facts; it denies the motion."). Parties who want the district court to decide disputed facts should ask for a "separate trial" of the distinct settlement issue under rule 1.914 and expect to put on evidence to support their position. *Id.* (quoting Iowa R. Civ. P. 1.914). It's not asking too much to require the moving party to identify which rule she is moving under and to hold her to that proceeding. Instead, the majority faults John—the nonmoving party—for not seeking clarification that the proceeding was under rule 1.981 through a motion to reconsider. Where the ambiguity stems from Lanora's undefined motion, she should not get the benefit of our post hoc rationalization.

II.

The majority also faults John for not providing a record on appeal of what happened during the hearing. If this was an evidentiary hearing, I would agree with the majority that John's failure hinders, if not precludes, our ability to review his appeal. But the record of a non-evidentiary summary judgment hearing limited to arguments from the attorneys (as the district court described this hearing) is not a prerequisite to appellate review. Rather, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). The attorneys' arguments are not record evidence that play into the summary judgment decision.

In Lanora's appellee brief, she argues that the district court judge could see from John's first draft of the stipulation that it was consistent with Lanora's draft, so John's second version, discussed in his resistance, raised new disputes beyond what the parties agreed to in their settlement. But John's first draft is not in the record. Nor is it described by the parties' filings. In her appellee brief, Lanora claims that her attorney showed the first draft to the district court judge during the unreported in-chambers hearing (a fact we cannot confirm or dispel absent a record of the hearing), but she candidly admits that it was not introduced as an exhibit. And she didn't want to attach a document to her brief that was not part of the district court record. But if the document was not accepted as an exhibit, how can it be considered as evidence by the factfinder—if that was indeed the district court's role?

There is another problem with treating the unreported hearing as a bench trial. To the extent that the district court acted as the factfinder, it appears to

have relied on its familiarity with the parties' previous verbal settlement negotiations to decide the facts. In its order, the district court noted that it "recall[ed] the dispute between the parties" when they previously appeared before it. According to the court, John and Lanora "in fact reached a settlement." The court then "conclude[d]" that Lanora's draft attached to her motion was "an accurate recitation of the parties' settlement agreement," and it "conclude[d] that the provisions referenced in [John's] resistance . . . were not the agreements reached by the parties." Lanora argues in her brief that "[t]he Judge made that determination based upon his own independent recollection" of the parties' settlement on the first day of trial, when the judge decided the one disputed item about where the children would attend junior high school.

The majority mentions in a footnote that it is unclear what additional evidence could be presented at a trial on remand, "as the only witness besides their attorneys to the settlement that was reached on August 30, 2023, appears to be the district court judge himself." And therein lies the problem. Indeed, Lanora defines the issue on further review as: "When is a settlement entitled to enforcement by the judge assigned to the original trial who has personal knowledge of the settlement?" It appears that the district court might have been asked to rely on its own recollection of the details of the parties' agreement. Where those details were not put in writing or otherwise read into the record at the prior proceeding, was the district court acting as a fact witness or the factfinder? *Cf.* Iowa Code § 602.1606(1)(*a*) (2024) ("A judicial officer is disqualified from acting in a proceeding, except upon the consent of all of the parties, if . . . [t]he judicial officer has . . . personal knowledge of disputed evidentiary facts concerning the proceeding."); Iowa Code of Judicial Conduct R. 51:2.11(A)(1) ("A judge shall disqualify himself or herself in any proceeding in

which the judge's impartiality might reasonably be questioned, including [when] . . . [t]he judge has . . . personal knowledge of facts that are in dispute in the proceeding.").

These points are not meant to criticize the experienced and conscientious district court judge in this case. Rather, they critique our failure to clarify what is evidently an unclear process for handling a motion to enforce a settlement. Without parameters surrounding their review, purported settlement agreements receive inconsistent and often cursory consideration at hearings where the roles are not clearly identified. "It is time to steer our district courts back to the clearer road." *Recio*, 30 N.W.3d at 541 (Oxley, J., dissenting).

So, I end where I began. Settlement agreements are contracts. They should be enforced the same as any other contract. The onus should be on the party seeking relief to identify the process she is invoking: summary judgment or bench trial. Lanora did not do so, and we should treat the hearing as the summary process it received rather than as a bench trial where the district court seems to have served both as a witness and the factfinder. I agree with the court of appeals that fact issues exist concerning the extent of the parties' agreement, and the case should be remanded for an actual trial—with evidence from the parties—on those remaining disputes.